HAMMOND, surviving partner, *vs.* DREW.

Where a promissory note for fees was sued, and the same note was embraced in a general written contract for the prosecution of a certain suit, and this general contract was made between plaintiffs and another attorney, James T. Spence, of the one part, and the defendant of the other, for their joint prosecution of the suit; and where not only the promissory note but the general contract was put in evidence by the plaintiff; and where Spence was introduced as a witness by the plaintiff, the said Spence and A. W. Hammond having made the contract for the attorneys, and A. W. Hammond was dead:

*Held*, that on the trial of the case between the surviving partner and Drew, the defendant, that Spence, one of the parties to the contract for the joint prosecution of the suit, having been sworn in the case, Drew was a competent witness, notwithstanding the death of A. W. Hammond.

Witness. Evidence. Before Judge TOMPKINS. Emanuel Superior Court. April Term, 1878.

A. W. Hammond & Son brought complaint on a note of

Drew for attorneys' fees. He pleaded the general issue and failure of consideration, in that the attorneys had not prosecuted his case to a successful termination, but had abandoned it. A. W. Hammond died, and the suit proceeded in favor of the survivor. On the trial, plaintiff introduced the note and the following contract:

"GEORGIA, \
CAMPBELL COUNTY. } I, the undersigned, have this day employed A. W. Hammond & Son, in conjunction with James T. Spence, to prosecute a suit now pending in the superior court of the state and county aforesaid, to the end of said suit, for which I agree to pay the said A. W. Hammond & Son one hundred and twenty-five dollars, the said Spence one hundred and twenty-five dollars. These two fees are secured by two notes, due at six months after this date, (11th August, 1874,) one payable to Hammond & Son, and the other payable to said Spence. These two notes are unconditional, and for the balance of their fees the said A. W. Hammond & Son and the said Spence are to have one-half the value of the land, if recovered, (the lot No. 60, 13th district, originally Henry county,) for their legal services to the end of suit, and if they recover, in dividing the proceeds of the land, the $250 certain fee is to be deducted from the half of A. W. Hammond & Son and Spence; the undersigned not to settle or compromise the case without the consent of their said attorneys aforesaid. The 11th August, 1874.               THOMAS DREW.
                                         J. T. SPENCE,
                                         A. W. HAMMOND & SON."

Spence was also introduced by plaintiff, and testified as to the contract and its fulfillment. Defendant offered himself as a witness. Objection was made because of A. W. Hammond's death; he was allowed to testify, and this is the ground of exception.

CAMP & LIVINGSTON; N. J. HAMMOND, for plaintiff in error, cited 37 *Ga.*, 586, 623; 39 *Ib.*, 186; 41 *Ib.*, 123; 59 *Ib.*, 342; Code, §406.

H. D. D. TWIGGS, for defendant, cited 41 *Ga.*, 125; 51 *Ib.*, 47.

JACKSON, Justice.

This was a suit brought on a promissory note for $125.00. The jury found for the defendant, and the plaintiff, N. J.

Hammond, surviving partner of A. W. Hammond & Son, made a motion for a new trial, which was overruled, and he excepted.

Only two of the grounds set out in the motion are certified, and only one was insisted upon in argument here. Our consideration of the case will be confined to the one.

A. W. Hammond, being dead, and he having negotiated the trade with Drew, is the latter a competent witness?

The suit was for services rendered in a claim to a lot of land by Drew, for which ejectment was brought. The plaintiff introduced the note sued, and also the contract set out in the record, by which it appears that this note was embraced in the same contract with another given to another attorney, for services in the same case; and this contract, thus introduced by the plaintiff himself, was made by A. W. Hammond and Spence, the other attorney, for the lawyers, and by Drew on his own behalf. Spence testified in the case for the plaintiffs, and the question is whether he having done so, the other party to the contract ought not also to be heard.

In the case of *Finney vs. Cadwallader*, 55 *Ga.*, 75, it was held that where a note and mortgage were only parts of a general contract embracing other items, and a plea of recoupment was filed for damages arising out of the other parts of the general contract—that on a proceeding to recover on the note and mortgage, the plea was good, because the general contract embraced the mortgage and note, and the other items too. Applying the principle there enunciated here, it would seem that as the note sued on was embraced in another general contract made between Hammond & Son and Spence of the one part, and Drew of the other, and as Spence was fully heard on the one side, and not only the note but the whole contract was introduced by the plaintiff, that the spirit and reason of the adjudications of this court on this class of questions would entitle Drew also to be heard. The note sued upon and this agreement, all introduced by plaintiff, made the real contract put in is-

sue and to be passed upon by the jury. This was the real cause of action, and Spence was a party to that cause of action. It is true that Spence is no party to this suit, nor is he a partner at law of the Hammonds; but as to this contract of bringing this suit, he was associated with them, a party to the contract, and, as to this case, a *quasi* partner.

In the case of the *North Georgia Mining Company vs. Latimer,* 51 *Ga.,* 47, it was held that where several parties were on one side of a contract, and some dead, and others living to confront the one living party on the other side of the contract, the other party was competent. The principle there ruled covers this question under the facts made in this record.

The other grounds were abandoned in the argument.

Judgment affirmed.