## MONROE *et al. v.* ESTES.

In a suit by one mill-owner against a lower mill-owner on the same stream, to recover damages alleged to have been sustained in consequence of the raising of the height of a dam by the lower mill-owner so as to back the water in the stream to a height that interfered with the operation of the plaintiff's mill, the court erred in charging the jury that "if at any time this water was off the wheel [of the plaintiff's mill], the defendants would have no right to put it back on her, although previous to this time it may have been on her; that is the rule which will govern you in that respect;" there being evidence from which the jury would have been authorized to find that for more than

twenty years the dam of the lower mill-owner had 'been erected and maintained at such a height as to back the water up to its present level before the erection of the upper mill, and that if there had been a subsidence of the waters in the mill-pond, so that the flowage backward did not affect the wheel of the upper mill-owner, such subsidence was in consequence of leakage; that the raising of the water had been caused, not by raising the height of the lower dam, but by the repairing thereof; that the lowering of the level of the water had been temporary, caused by use of the water or leakage, and not for such a length of time as would cause a loss of the easement by abandonment or forfeiture by nonuser, under the provisions of the Civil Code, § 3644.

APRIL 18, 1913.

Action for damages. Before Judge Edwards. Haralson superior court. February 24, 1912.

*Griffith & Matthews, H. J. McBride,* and *J. S. Edwards,* for plaintiffs in error.

*James Beall* and *Buford F. Boykin,* contra.

BECK, J. This was a suit to recover damages alleged to have been caused by the act of a lower mill-owner in backing water by raising the height of a dam, so as to cause it to interfere with the wheel which furnished the power by which the plaintiff's mill was operated. The defendants answered, in substance, that the dam had not been raised beyond the height at which it had formerly been built and maintained for a long period before the erection of the plaintiff's mill; that while leakage in the lower dam had been stopped to a certain extent, the repairs did not raise the waters to the height of the original dam. And it was also contended by the defendants, as shown by the evidence, that if there had been a subsidence of the water as raised by the original dam, it was caused by leakage; and it was insisted that by repairing the old dam they had not raised the water, by several inches, as high as they had a right to raise it, when the capacity of the original dam is taken into consideration.

There was evidence which would have authorized the jury to find that the dam of the lower mill-owner as originally built was of such a height that it would raise the water in the stream upon which the mills of both the plaintiff and the defendants were located, so as to cause the waters to rise to a height as great or greater than that to which they were raised after the repairs of the lower dam, which are complained of in the plaintiff's petition. While there is a conflict of evidence upon this issue, the jury would have been authorized by the evidence to find with the defendants as to

this contention. And there was also evidence tending to show that the dam of the lower owner had been maintained for more than twenty years prior to the erection of the mill of the plaintiff. That being true, the court erred in charging the jury that "if at any time this water was off the wheel [of the plaintiff's mill], the defendants would have no right to put it back on her, although previous to this time it may have been on her; that is the rule which will govern you in that respect." If the defendants had maintained the lower dam for a period of twenty years at a certain height and with a certain capacity, and had raised the water in the stream up to the capacity of the dam, they would have acquired a prescriptive right to back the water in the stream to the full capacity of the dam thus maintained. *Baker* v. *McGuire, 53 Ga.* 245; 40 Cyc. 676. The proposition of law stated in the excerpt quoted is essentially erroneous, in that it was the duty of the jury in following these instructions to find for the plaintiff, even though they believed from the evidence that the lower dam had been maintained for the prescriptive period at such a height as to give it a capacity to back water upon the wheel of the plaintiff's mill, if at any time, on account of leakage and a want of repairs, the dam of the lower owner had failed to raise the water to the full height of the dam and to the extent of its capacity, and thereby lowered the water in the stream so that the flowage of it backward would not interfere with the mill of the plaintiff; whereas the true doctrine is, that if, because of not keeping a dam in repair and because of a consequent leakage, the capacity of the dam and the height to which it can raise water is decreased, the owner of such a dam has a right to repair it and stop the leakage so as to cause it to raise the water to the level of the top of the dam, provided, of course, he has previously, by prescription or otherwise, acquired the right to erect the dam to its original height and to maintain the water at its present level, and has not lost this easement by abandonment or nonuser for a sufficient time to show abandonment. This is distinctly ruled in the case of *Baker* v. *McGuire,* supra; and the principle which we have stated is discussed in that case and in other cases cited in 9 Michie, 346. Another part of the court's charge, in substance embodying the same principle as that contained in the excerpt discussed above, is of course subject to the same criticism.

Except as indicated in the foregoing, the other assignments of error are without merit and no discussion of them is required.

*Judgment reversed. All the Justices concur.*