## LOUISVILLE & NASHVILLE RAILROAD CO. *v.* BUTLER.

Civil Code § 2699, requiring railroad companies to build and maintain cattle-guards on each side of every public road or private way established pursuant to law, and on the dividing line of adjacent landowners, where the railroad may cross such public roads, private ways, or dividing lines, on written notice by the owner of lands to be affected by such cattle-guards, is intended for the protection of landowners whose lands are intersected by a railroad right of way, and not for the benefit or protection of the owners of land abutting on a railroad right of way.

OCTOBER 15, 1913.

Action for damages. Before Judge Fite. Murray superior court. October 5, 1912.

*D. W. Blair,* for plaintiff in error.

*Maddox, McCamy & Shumate* and *R. N. Steed,* contra.

EVANS, P. J. The plaintiff sued the railroad company, claiming damage for an injury done to his growing crop by hogs, on account of the company's alleged failure to maintain a stock-gap or cattle-guard. The land upon which the trespass was committed

was alleged to abut on the railroad right of way. The defendant demurred to the sufficiency of the petition, upon the ground, amongst others, that its allegations did not show any duty on the part of the defendant to maintain a stock-gap for the protection of owners of adjacent land. The court overruled the demurrer, and a verdict was returned for the plaintiff.

The plaintiff bases his right of action upon an alleged duty of the railroad company to maintain a good and sufficient cattle-guard at a point on the public road where crossed by the railroad, for the protection of his land which lay adjacent to the railroad company's right of way. It is his contention that the code section requiring railroad companies to maintain cattle-guards at public crossings was intended for the protection of land which abutted on the railroad right of way, as well as that traversed by the railroad. By virtue of the Civil Code (1910), § 2699, every railroad company is required to build and maintain at its own expense good and sufficient cattle-guards on each side of every public road or private way established pursuant to law, and on the dividing line of adjoining landowners, where the railroad may cross such public road, private way, or dividing lines, when necessary to protect said lands, on 30 days written notice from the owner of the lands to be affected by such cattle-guards. The cognate section (2701), which is a part of the same statute from which the other section was codified, provides that whenever the owner of any lands over which any railroad company may have acquired the right of way may desire additional cattle-guards other than those provided for in the preceding section, or of any farm crossing on his land, it shall be the duty of the railroad company upon written notice to submit to the landowner a written estimate of the cost of such cattle-guard or farm crossing; whereupon the landowner, if satisfied with the same, shall pay to the company the estimated sum, when the company shall at once proceed to build such cattle-guards or farm crossings, etc. The plain purpose of the statute is to require railroad companies to build cattle-guards at public-road and private-way intersections, and at dividing lines, where the railroad company constructs its track on its right of way which passes through the land of another. It was never designed that a landowner could require of a railroad company to construct cattle-guards over its right of way where the landowner's land only abutted upon

the railroad company's right of way. The statute is for the benefit and for the protection of landowners whose lands are traversed by the right of way of the railroad company, and not for the benefit of adjacent landowners. The landowner whose land is not traversed by a railroad could with as much reason require a railroad company to construct cattle-guards on its right of way over the land of his neighbor, five hundred yards away from his land, as he could require a cattle-guard on the railroad's property which adjoined his land. According to the allegations in the present case, this statute raised no duty on the part of the railroad company to construct the cattle-guard on the land of the plaintiff lying adjacent to its right of way, and it was error to overrule the demurrer raising that point.

*Judgment reversed. All the Justices concur.*