### TERRELL *v.* TERRELL.

BECK, J. 1. It is settled doctrine in this State that the owner of a milldam who maintains the same at a given height for a period of twenty years, which dam during that period causes water to back and overflow land of another, may obtain a prescriptive easement of flowage over the lands of the upper riparian owner. *Columbus Power Co.* v. *City Mills Co.,* 114 *Ga.* 558 (40 S. E. 800) ; *Monroe* v. *Estes,* 139 *Ga.* 729 (78 S. E. 130) ; 40 Cyc. 676.

2. So far as the question as to whether the maintenance of the dam in question in the case at bar might have been a continuing nuisance, on the ground that it caused injury to the health of the complainant and members of his family, is involved in the case, it was submitted to the jury under instructions quite as favorable to the plaintiff as he had a right to ask.

3. Even if the instruction of the judge as to the burden of proof on the question of the acquirement of prescriptive right was not entirely accurate, under the evidence such inaccuracy is not ground for a new trial.

4. The exception to the admission in evidence of the record in a prior suit is without merit, as the declaration in that case contained admissions which were material and competent upon the issues involved.

5. There was no merit in the other exceptions to the charges of the court and the rulings made pending the trial.

*Judgment affirmed. All the Justices concur.*

AUGUST 13, 1915.

Equitable petition. Before Judge Reid. Clayton superior court. April 24, 1914.

*J. F. Golightly,* for plaintiff.

*W. L. Watterson* and *Joseph W. & John D. Humphries,* for defendant.