## LOUGHRIDGE *v.* CITY OF DALTON; *et vice versa.*

1. Until the adjournment of the term the judgments of a court of record are presumed to rest in the breast of the court, and are subject to alteration. Prior to its adjournment the court may revoke, change, or modify judgments rendered during the term. However, a judgment rendered at a prior term of court, to which exception is not timely taken, fixes the law of the case, and any subsequent judgment expressing a judgment contrary to the previous ruling of the court is nugatory. The judge of the superior court, having overruled a general demurrer to the petition in this case, was without jurisdiction to sustain an oral motion to strike the plaintiff's petition, which motion was offered at a term subsequent to the judgment upon the general demurrer.

2. The court erred in sustaining the motion to strike the petition.

3. The court did not err in overruling the defendant's demurrer to the petition.

Nos. 6306, 6307. MAY 16, 1918.

Equitable petition. Before Judge Pittman. Whitfield superior court. October 5, 1927.

*William E. & Gordon Mann* and *Maddox, Maddox & Mitchell,* for plaintiff.

*Oliver R. Hardin* and *M. C. Tarver,* for defendant.

RUSSELL, C. J. Loughridge brought an action for damages against the City of Dalton, alleging that because of certain septic tanks so constructed by the city as to emit noxious gases and odors, and by reason of the enlargement of the city gas plant, a continuing nuisance had been created on his farm; that the source of a small creek or branch flowing through his farm is a large spring about one mile west of his farm; that the waters of the stream were pure and healthy, and that but for the conduct of the city in maintaining the nuisance the water in this stream would reach his farm practically pure. Prior to the erection of the tanks and the enlarging of the gas plant petitioner and his tenants used the waters of the stream for all domestic farm purposes. By means of a large sewer the city empties into a tank all sorts of fecal, filthy substances, and what flows from the tanks is in the same condition. All kind of filthy fecal matter flows from said tank and empties into the branch, which empties into the creek within a short distance from petitioner's home, whereby the waters of the creek are made extremely filthy. The odors from it are such that petitioner can not enjoy his home. His meadow is ruined. The waters in the small branch are slow and sluggish, and the filthy matter hangs to the grass and reeds along its banks and accumulates in pools and adheres to the rocks, and when it rains and flushes the branch this filthy matter spreads out over the meadow and ruins the hay, etc. It is alleged that what is being done creates a continuing nuisance, to the damage of the petitioner for the past four years in the sum of $5000, for which he prays judgment; and he also prays that the City of Dalton be enjoined from continuing this nuisance. At the appearance term (October term, 1926) the City of Dalton demurred to the petition. In response to certain of the special demurrers the court required amendments in certain particulars, and the petitioner complied with these requirements. The court then overruled the general demurrer. No formal order was taken adjourning the July term, 1927. On October 5, 1927, the court sustained a general motion by the defendant to dismiss the action. The plaintiff excepted, assigning error upon the judgment dismissing the petition upon

motion, after the court had overruled the general demurrer at a previous term of the court. The defendant by cross-bill of exception's complains of the judgment overruling its general demurrer. The controlling question therefore presented is this: Could the court, after having overruled the general demurrer (and thereby having held that the petition set forth a cause of action), at a subsequent term decide to the contrary by thereafter sustaining a motion to dismiss upon the ground that it set forth no cause of action and then rendering a judgment dismissing the petition?

We are of the opinion that the court was not empowered by law to set aside its previous ruling which stood unreversed, and which had become the law of the case until reversed upon review in an appellate court. In *Georgia Northern R. Co.* v. *Hutchins,* 119 *Ga.* 504 (46 S. E. 659), this court held that "If the defendant calls in question by demurrer the sufficiency of the petition, and the court renders a decision holding that the petition sets forth a cause of action, so long as this decision stands unreversed the defendant is precluded from calling in question the sufficiency of the petition by oral motion to dismiss." There is no difference between the facts in the *Hutchins* case and in the case at bar, except that in the *Hutchins* case the motion to dismiss was made orally, and in the present case this motion was reduced to writing. Though a motion to strike, or to dismiss, is in law tantamount in nature and effect to a general demurrer, which must be reduced to writing, the use of the word "oral" in the first headnote quoted is not material. Obviously the term "oral" was not used to denote any difference between an oral motion to strike and such a motion reduced to writing. This plainly appears from the second headnote in the *Hutchins* case, in which the court held: "A judgment on demurrer, until reversed, concludes the parties upon all questions necessarily involved in the decision of the points raised in the demurrer." The use of this language plainly shows that the decision of the court would have been the same had the motion to strike been reduced to writing (as is the case before us) instead of having been made orally, as it happened in the *Hutchins* case. The facts in the present case are very similar to those in the *Hutchins* case, where and in the first division of the opinion it was said: "If the defendant had filed no demurrer to the petition, or had withdrawn the demurrers or failed to press the same,

it had the undoubted right at the trial to make an oral motion to dismiss the case upon any ground which would be good in arrest of judgment.  Civil Code [1895], § 5046 [1910, § 5629]; *McCook v. Crawford,* 114 *Ga.* 337 [40 S. E. 225], and cit.  But when the defendant, at the first term, filed demurrers both general and special, and pressed the same to a decision, and a judgment was rendered overruling the demurrers, the question arises as to how far this judgment is conclusive between the parties as to the right of the plaintiffs to recover upon the facts alleged.  It has been held that a judgment sustaining a general demurrer to a petition will bar a second suit for the same cause of action.  *Greene* v. *Central of Georgia Railway Company,* 112 *Ga.* 859 [38 S. E. 360], and cit.; *Satterfield* v. *Spier,* 114 *Ga.* 127 (3) [39 S. E. 930].  If a judgment on a demurrer that a petition sets forth no cause of action will conclude the plaintiff in another suit against the defendant, it would seem that upon similar principles a judgment upon a demurrer that a petition does set forth a cause of action will conclude the defendant in the same case, so long as such judgment stands unreversed."  In the second division of the opinion in the *Hutchins* case, supra, it was said: "A judgment on demurrer, so long as it stands unreversed, is conclusive on the parties as to all questions which were necessarily involved in the decision of the points raised by the demurrer," and this statement was analyzed and reasons supporting its correctness were given.  See *Hawkins* v. *Studdard,* 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190).  In the present case our attention is specially called to the fact that the grounds of the motion to strike present amplifications of the reasons why the motion to strike should be sustained, which did not appear in the original demurrer.  This fact is of no moment; for, as said in the *Hutchins* case, "the judgment overruling the demurrer decided these questions in favor of the plaintiff, and this decision is the law of this case, whether right or wrong. . . As to whether the facts alleged are sufficient to constitute a cause of action, and whether the damages sought to be recovered are of such a character as to be the basis of a legal recovery," it is not proper for us to determine, as these questions were concluded by the judgment upon the demurrers.  So the judgment sustaining the motion to strike, which was filed after the appearance term, and upon which error is assigned in the main bill of exceptions, must be reversed.

This presents for consideration the propriety of the judgment of the court overruling the defendant's demurrers to the petition. The facts in this case differentiate it from that of *Watkins* v. *Pepperton Cotton Mills,* 162 *Ga.* 371 (134 S. E. 69). In the *Watkins* case an easement was involved. The husband of the plaintiff, as a director in the cotton mill, acquired the easement for a sewer, and the sewer had been in continuous use, in the same condition as it was when originally built, for more than twenty years. The ground through which the sewer ran and where it emptied during all that time was in possession of the Pepperton Cotton Mills holding adversely to the plaintiff. Under the facts presented in the record the ruling in the *Watkins* case is undoubtedly correct. The gravamen of the case of the plaintiff in the action now under consideration is that there are changed conditions whereby an insufferable amount of foul fecal matter is now discharged upon the land and meadows of the plaintiff; whereas before the erection of the septic tanks and the enlargement of the gas works the quantity of sewage discharged was not intolerable, if indeed it was a nuisance at all. In the *Watkins* case the decision turned largely, as appears from the third headnote, upon the fact that it appeared from the note of the trial judge that counsel for the plaintiff stated in his place in open court that "we admit that all the toilets down there at the Pepperton Cotton Mills now were there when the blue-print was made, and that the sewer line was constructed in 1896 in accordance with the blue-print." Consequently this court held that it was not erroneous for the judge to charge the jury: "It is admitted that this sewer line is used for the same purpose for which it was originally constructed, and that it is now being substantially operated as it was from the time of its construction and the beginning of its use." The decision in the *Watkins* case was in fact controlled by the principle that prescription applies in cases of private nuisances. Exception had been taken to the instruction of the trial court that the nuisance in that case was a private nuisance. This classification was held to be not erroneous; and it appearing that the easement as originally constructed had been used by the Pepperton Mills for more than twenty-six years, this court, after holding that the rule that the statute of limitations does not run in favor of a nuisance only applies to public nuisances, ruled that

the cotton mills had acquired a prescriptive easement of flowage, citing *Monroe* v. *Estes,* 139 *Ga.* 729 (78 S. E. 130); *Terrell* v. *Terrell,* 144 *Ga.* 32 (85 S. E. 1005); *Columbus Power Co.* v. *City Mills Co.,* 114 *Ga.* 558 (40 S. E. 800), 40 Cyc. 676.

The facts as alleged in the petition in this case show the plaintiff to be the owner of the land in question and in possession thereof. It does not appear that he has at any time consented to the maintenance of the nuisance alleged. Even if he had consented to the original pollution of his stream, he was entitled to an injunction, under the facts alleged, and as a continuing trespass has been committed upon his land for the last four years by the discharge of a much larger quantity of sewage than was turned down the stream prior to the construction of the septic tanks and the large sewer which is alleged to have been laid above his land for the purpose of massing the new accretions of tar from the enlarged gas works with the increased quantity of sewage and discharging it not only in the channel of the creek but causing it to be discharged in time of high water over his meadows and on hay cut therefrom. While the petition might have been subject to special demurrer, its allegations were sufficient to withstand the general demurrer which was correctly overruled by the trial court. See *Williams* v. *Seaboard Air-Line Ry. Co.,* 165 *Ga.* 655 (141 S. E. 805). As in that case, so in this, there has been no actual taking of the plaintiff's land. He is still in possession. His rights have been invaded by a nuisance, and the ruling in *Howard* v. *Bibb County,* 127 *Ga.* 291 (56 S. E. 418), is not in point. The cases of *Burrus* v. *Columbus,* 105 *Ga.* 42 (31 S. E. 124), and *Long* v. *Elberton,* 109 *Ga.* 28 (34 S. E. 33, 46 L. R. A. 428, 77 Am. St. R. 363), are not in point. According to the petition in this case three nuisances maintained by the city are discharged into the creek running through his land, which he has the right freely to enjoy. It is hard to compute the value of a stream of pure water running through a farm. See 29 Cyc. 1162. The tanks in this case were built less than twenty years ago, and it is alleged that they are underground, that they are too small, and do not operate so as not to be foul and filthy, and are so operated that the discharge from the tanks is foul, filthy, and unsanitary. It is further alleged that the City of Dalton has greatly increased in population, causing the building of more sewers and

increasing from time to time the quantity of filthy substance emptying into the tank and thence emptying into the creek. In the amendment which was required by the court in response to a special demurrer it is alleged that what empties into the tank, human excrement and other filth, floats on top inside the tank. It is true that there is no distinct allegation in terms that Loughridge is the owner of the property specifically described, but this may be inferred from the fact that he sues for the rental value of the property for four years, especially when it is alleged that he owns the farm. It is true that there must be notice to abate a nuisance where the property has changed hands after the erection of the nuisance; but in this case the City of Dalton has been continuously the owner of the land upon which the gas works and the septic tanks are located, and the city was notified or had knowledge of the existence of the nuisance, because it is the creator and the nuisance is its handiwork. This knowledge is the equivalent of a request to abate. *Central of Georgia Ry. Co.* v. *Americus Construction Co.,* 133 *Ga.* 392 (65 S. E. 855); *City of Rome* v. *Harris,* 12 *Ga. App.* 756.

So we are of the opinion that the court correctly overruled the general demurrer to the petition in this case; and accordingly the judgment of the court upon the cross-bill of exceptions is affirmed.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. All the Justices concur.*