## WATKINS *v.* PEPPERTON COTTON MILLS.

1. One ground of the motion for a new trial complains of the admission in evidence of two deeds constituting part of the chain of title of the defendant company. In the light of the note attached to the motion for a new trial by the trial judge this ground does not show error.

2. Another ground of the motion complains of the admission of evidence, but does not quote the evidence. It merely states that evidence of certain named witnesses was admitted "as to there being other sources of pollution of Watkins Creek above the Watkins Pool, to wit, certain open surface toilets in the City of Jackson's negro section and certain pastures along the run of the stream." The evidence is not set out with sufficient particularity to raise any point for decision.

3. One ground of the motion complains of the following statement of the judge to the jury: "It is admitted that this sewer line is used for the same purpose for which it was originally constructed, and that it is now being substantially operated as it was from the time of its construction and the beginning of its use." In a note appended to the motion the trial judge states as follows: "Certain blue prints as to the location of the sewer complained of were offered by defendant, and counsel for plaintiff stated in his place in open court as follows: We admit that all the toilets down there at the Pepperton Cotton Mills now were there when the blue print was made, and that the sewer line was constructed in 1896 in accordance with the blue print." In the light of the note this statement of the judge was not erroneous.

4. One ground of the motion complains that the court erred in charging the jury: "Nuisances are either public or private. I charge you that the allegation of a nuisance in this case is that of a private nuisance." This charge is not error for any reason assigned.

5. Movant complains that the court erred in instructing the jury as follows: "If you find from a preponderance of the evidence that Joel B. Watkins, the owner of the land described in the petition and the maker of the will under which Mrs. Watkins, the plaintiff, asserts her title to the property described, aided in procuring the right of way and in constructing thereon the sewer described in the petition, which empties *its contents from the mill into the branch which flows into the creek* which supplies the water to the pond on said property, and that he knew for what purpose the sewer was intended and knew of its use, and made no objection thereto, that this would amount in law to an estoppel in pais, and plaintiff would not be entitled to recover any damages because of the construction of said sewer, or to an injunction against its further use." The criticism is: (a) The court erroneously defined the facts above stated as constituting an estoppel in pais. (b) The pollution of any running stream is a public nuisance where it is open to the public, such as the facts show in this case, and under the law estoppel or prescription does not run against the public. (c) The charge does not take into consideration the question of the increased flow of the sewer or the increasing injurious effect thereof as shown by the evidence. (d) It takes for granted that if Joel B. Watkins aided in procuring the easement of right to take water from the stream and a road to the dam to be built as expressed in the deeds, he would be bound by any subsequent use to which the easement may have been unlawfully used. (e) It leaves out of consideration by the jury the law that a person can himself create a nuisance and then complain that any other creates a like nuisance and the law will allow him relief from the effects of the nuisance created by others. *Held,* that the instructions were not erroneous for any of the reasons assigned.

6. The motion for a new trial complains of the charge of the court on the question of prescription as applied to nuisances. This charge is set out in full in the opinion. Under the evidence the alleged nuisance is a private nuisance in the nature of an easement. The charge on the subject of prescription was not erroneous for any of the reasons stated.

No. 5150. JUNE 21, 1926.

Equitable petition. Before Judge Persons. Butts superior court. September 29, 1925.

Mrs. Watkins filed a petition in 1922 against Pepperton Cotton Mills, alleging that under the will of her husband, who died in 1921, she held a life-interest in 500 acres of described land; that some years previously defendant had constructed a sewerage system for the accommodation of its mill property and certain private dwellings through which it was discharging sewage into a stream tributary to Watkins Creek, which flows through the land mentioned and near the home of petitioner; that petitioner had

learned of this only in 1922; that she had for some time operated at a profit a public bathing-pool on Watkins Creek; that the supply of drinking water for her residence and those of tenants on the place was obtained from springs on and near the creek; that the creek some times overflows these springs; that the waters of the creek had thus become polluted and contaminated, and that deposits of filth, garbage, fecal matter, germs, and bacteria had accumulated in the bathing-pool and springs mentioned, rendering them unfit for the uses stated, and endangering the health and lives of herself and family; that the volume of sewage discharged is being constantly increased, and its evil effects upon petitioner's rights in the enjoyment of her premises is a constantly recurring injury; that the injury is irreparable and can not be computed; that the amount of damage already done by reason of the decrease in the value of her farm is five thousand dollars or other large sum. She prays that the defendant be restrained by injunction from discharging sewage into said stream; that she have judgment for the damage already done; and for general relief and process.

The answer of the defendant denied that it was polluting the waters of said creek; and set up that the point at which the sewage was being discharged into the stream was two miles above the pond or bathing-pool, and that the water became purified before reaching the petitioner's property; that if the waters of said creek are polluted it most likely arises from surface sewage carried into the same from a large portion of the City of Jackson; that the husband of petitioner participated in the incorporation of defendant in 1896, was from the time of its incorporation to the time of his death an officer and director, part of the time as president in active charge of its factory and business; that he acquired the rights and easements for the construction of said sewer; and that sewage had been discharged therefrom for twenty-six years prior to his death; that he would be estopped from claiming any damages, and that the plaintiff is consequently estopped.

Trial of the case resulted in a verdict for the defendant. A motion for new trial, filed by plaintiff, was overruled, and she excepted.

*E. O. Dobbs* and *O. M. Duke,* for plaintiff.

*E. M. Smith* and *H. M. Fletcher,* for defendant.

GILBERT, J. 1-5. The first five headnotes do not require elaboration.

6. Movant specifies as error and ground for a new trial the following charge of the court: "I charge you, on the subject of prescriptive easement, that if you believe from the preponderance of evidence in the case that the defendant located and constructed this sewer complained of, with the knowledge and consent of Joel B. Watkins, owner of the land, and that he was a stockholder, director, and officer of the defendant company at the time, and that this sewer has emptied its contents into the stream flowing into the waters of the pond described, and that the use of said sewer has been actual, continuous, exclusive, and uninterrupted and in the right of the defendant and did not originate in fraud, and is substantially now being used as it was originally constructed, for a period of twenty years, that a prescriptive right, that is, right to use this sewer for the purpose of emptying these waters into this tributary or branch, has thereby ripened into the defendant company, to the continual use of the sewer against the rights of the plaintiff, and for which she would not be entitled to the relief prayed for or any part of the damages sought to be recovered." There are a number of criticisms of this charge. In other words, movant contend that it is erroneous for a number of reasons. Most of these are so clearly without merit that we deem it only necessary to say that they do not show error. As we view it, the chief criticism is the contention on the part of the movant that the charge is erroneous for the reason that the court should not have instructed the jury that the right to operate and maintain a nuisance could be acquired by prescription. Movant contends such a right under the facts of this case can not be acquired by prescription.

Nuisances are divided into two main divisions, usually denominated as public and private nuisances. An illustration of a public nuisance is the unauthorized placing of an obstacle across a public highway. Prescription has no application to a nuisance of this character, for the reason that one can not prescribe against the public. The unauthorized building of a fence across one's cultivated field would constitute a private nuisance; and so would the

pollution of a lake used by private owners who charge a fee to the public for the privilege of swimming and bathing therein. The right to maintain a private nuisance may be acquired by prescription. This is especially true in this case where the nuisance is in the nature of an easement. In *Bonner* v. *Wellborn*, 7 *Ga.* 296, Judge Lumpkin, in expressing his individual opinion, made no distinction between public and private nuisances and expressed the view that prescription would not apply in favor of a nuisance. Judges Warner and Nisbet also wrote opinions in that case, neither of whom mentioned the question of prescription. In fact the case did not in any view involve the question of prescription. The nuisance in that case was created in 1843, the suit was filed in 1846; so that it is obvious that the views expressed by Judge Lumpkin were obiter. They only purported to be the individual views of that judge, and do not in any sense constitute a ruling of the court in the case. Moreover, the judgment was concurred in by Judges Nisbet and Lumpkin, while Judge Warner dissented. In *Williams* v. *Southern Railway Co.*, 140 *Ga.* 717 (79 S. E. 850), the individual expression of Judge Lumpkin as to prescription was quoted, but it was distinctly stated that no easement was involved. In *Phinizy* v. *City Council of Augusta*, 47 *Ga.* 260, 268, Judge McCay expressed the compelling reason for distinguishing between a public and a private nuisance on the question of prescription. He said: "The rule that the statute of limitations does not run in favor of a nuisance only applies to public nuisances, and grows out of the impropriety of imputing laches to the public: 7 East, 195; 4 Burrows, 2163; 4 Mass. 522; 42 Maine, 150. On the other hand, it is laid down in Angell on Watercourses, as a general rule, that the special right to a use of a watercourse, or to flow water upon the land of another, may in all cases be acquired by prescription: Angell on Watercourses, § 200. And he says again, § 206, 'We are aware of no authority, English or American, which gainsays the doctrine that the upper proprietor of land may, by use for a sufficient period of time, acquire a right to keep open an ancient agricultural drain or ditch through land below, for the purpose of draining his own premises.' One can acquire the right to the land itself by use and possession, and it would be strange if one could not acquire by the same method a mere easement over it. And the books are full of cases acknowledging the right: 1 B. & P. 400;

3 East, 294; 11 East, 371; 6 East, 208; 1 Camp. 263; 2 Brod. & Bing. 667; 1 Sim. & Stuart, 203; 3 B. & A. 76."

In *Monroe* v. *Estes,* 139 *Ga.* 729 (78 S. E. 130), and *Terrell* v. *Terrell,* 144 *Ga.* 32 (85 S. E. 1005), this court by unanimous decision recognized the principle that prescription did apply in the case of private nuisances. In the latter case the court said: "It is settled doctrine in this State that the owner of a mill-dam who maintains the same at a given height for a period of twenty years, which dam during that period causes water to back and overflow land of another, may obtain a prescriptive easement of flowage over the lands of the upper riparian owner." *Columbus Power Co.* v. *City Mills Co.,* 114 *Ga.* 558 (40 S. E. 800); *Monroe* v. *Estes,* 139 *Ga.* 729 (78 S. E. 130); 40 Cyc. 676.

We think, therefore, without indulging in more elaboration, that the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*