## Hogan *v.* Cowart.

Atkinson, Justice. 1. In this State, where an owner of two tracts of land, while using a servitude on both tracts such as an agricultural ditch through cultivated lands, executes a deed conveying in fee simple and unconditionally one tract, he thereby loses all power over that tract, and can not afterward convert the servitude which he had enjoyed into an easement over that tract, by conveyance of the other tract to a different grantee. *Rogers* v. *Wilson*, 171 *Ga.* 802 (3) (156 S. E. 817).

(*a*) If the doctrine of implied reservation of an easement of necessity by a grantor of land can be applied in this State, the allegations of the petition are insufficient to show an easement of necessity at the time of the grant in question, there being no allegation that the location and circumstances were such that said grantor could not acquire another suitable location to serve the purpose of the easement for which plaintiff is now contending.

(*b*) It is necessary to the plaintiff's claim that conveyance of her tract was first in order. She is presumed to have alleged the facts of the case most strongly in her own favor; and having alleged that both tracts were conveyed by the common owner on the same day, it is to be assumed that the defendant's tract was conveyed first in point of time, in the absence of allegation that the conveyance of plaintiff's tract was first in order.

(*c*) The petition when construed, as it must be, most strongly against the petitioner, is insufficient to charge an easement by grant from the common owner over the defendant's tract, or a cause of action on the basis of an easement by grant.

(*d*) The foregoing is not violative of the principles stated in *Muscogee Manufacturing Co.* v. *Eagle & Phenix Mills*, 126 *Ga.* 210 (6-11) (54 S. E. 1028, 7 L. R. A. (N. S.) 1139).

2. "An incorporeal right which may be lawfully granted, as a right of way or the right to throw water upon the land of another, may be acquired by prescription." Code of 1933, § 85-409. Under this and related sections of the Code, an owner of land may acquire by prescription an easement over the lands of another, the prescriptive period of adverse use being twenty years or longer, unless under color of title. *Smith* v. *Jensen*, 156 *Ga.* 814 (3) (120 S. E. 417). This may apply to the right of a proprietor to use an open agricultural ditch extending from his lands through the lands of an adjoining proprietor and there connecting with a river, for the purpose of drainage, whether or not the prescriber ever actually entered or occupied such adjacent land. *Watkins* v. *Pepperton Cotton Mills*, 162 *Ga.* 371 (6) (134 S. E. 69); *Whelchel* v. *Gainesville & Dahlonega Electric Railway Co.*, 116 *Ga.* 431 (42 S. E. 776). Under these authorities the prescriptive period relates to the time of use of the ditch without regard to actual entry by the prescriber

on the adjacent tract over which the easement is asserted. See also 9 R. C. L. 772, § 33.

3. The petition alleged that petitioner and defendant are remote grantees of the same grantor under separate deeds conveying their respective tracts; that the deeds were executed on November 14, 1887, at which time the ditch in question existed; that petitioner's predecessors in title immediately entered possession of her tract, and they and she have continuously used the ditch for the purpose of draining her cultivated field ever since. In answer to a special demurrer it was alleged in an amendment: "That said ditch was kept open by the natural flow of surface and back waters through it for more than twenty years prior to the time of bringing this action, and needed no cleaning out or work done on it within this time in order to properly drain plaintiff's land, except that on one occasion about October, 1931, some drift accumulated in the ditch on the land now owned by the defendant, and plaintiff's husband went upon said land and cleaned the drift out; that except for this one instance plaintiff knows of no other occasion when it was necessary to clean out said ditch within a period of twenty years prior to the filing of this suit, and that the ditch properly drained plaintiff's aforesaid land during all of this time." The suit was instituted on March 2, 1934, and complained of the obstruction by the defendant in December, 1933, or January, 1934, by means of plowing over and filling it, thus preventing drainage of petitioner's land. *Held:*

(a) The petition was sufficient to allege an easement over the land of the defendant acquired by prescription.

(b) The case differs on its facts from *Rome Gas-Light Co.* v. *Meyerhardt*, 61 *Ga.* 287, which related to a claim of easement in virtue of undisclosed use of underground water-pipes.

(c) The petition being sufficient to state a cause of action on the basis of an easement acquired by prescription, it was not subject to dismissal on general demurrer an account of its insufficiency to allege a cause of action on the theory that an easement was acquired by grant.

(d) Accordingly the court did not err in overruling the general demurrer to the petition as a whole. *Blaylock* v. *Hackel*, 164 *Ga.* 257 (5) (138 S. E. 333); *Field* v. *Jones Mercantile Co.*, 182 *Ga.* 142 (184 S. E. 882).

4. The injunctive relief comprehended injunction to prevent future obstruction of the ditch by the defendant and his interference with the plaintiff and her employees by preventing them from entry upon the land for the purpose of cleaning out the ditch and restoring it to its normal condition and thereafter keeping it in repair. In these circumstances the grounds of demurrer objecting in mass to "that part of the petition and prayers . . for . . injunction," because (a) the acts complained of had been completed; (b) the injunction prayed for was mandatory, are without merit.

5. The burden of maintaining the ditch and the expense of cleaning it out being upon the plaintiff (9 R. C. L. 794, § 51, notes 11, 15), the claim for general damages and $50 estimated cost of making repairs brought about by the alleged trespass of the defendant in closing the ditch, were proper elements of damage.

6. Paragraph 3 of the petition when considered in connection with the context, was not demurrable on the ground that it alleged merely a conclusion of the pleader and failed to attach plaintiff's abstract of title. The grounds of special demurrer to the petition as amended, numbered 6-9, are without merit and are not of such character as to require further comment.

7. Paragraph 18 of the petition as amended on October 12, 1934, alleges damages in the sum of $176, accrued since institution of the suit, as the value of stated quantities of corn and fodder which the land would have produced during the year, but had not produced on account of the alleged trespass in closing the ditch. The Code of 1933, § 105-1406, providing: "Damages for a continuing trespass are limited to those which have occurred before action is commenced. Subsequent damages flowing from a continuance of the trespass give a new cause of action," applies to actions at law but not to causes in equity. *Becker* v. *Donalson*, 133 *Ga.* 864 (7) (67 S. E. 92).

(*a*) The amendment was not demurrable on the ground that it sought to introduce a new cause of action.

(*b*) There was no demurrer to the amendment that the alleged damages were merely speculative and remote.

8. Under the principles stated in the first division, there was no evidence to authorize the charges complained of in grounds 4 and 5 of the motion for a new trial, relating to acquisition of easement by grant; and consequently the charges were erroneous.

9. As applied to the pleadings and the evidence, the following charge to the jury as complained of in the motion for new trial, "I charge you that if you find for the plaintiff in this case, you are not bound by the weight as to what the damages are, but you would apportion that to satisfy you as to the value thereof; and I charge you that if the plaintiff in this case is entitled to damages, she is entitled to an injunction at your hands, requiring that the ditch shall be opened, and that the ditch be maintained," was confusing and misleading.

10. Other grounds of the motion for new trial, in so far as they are sufficient to raise any question for decision, are either without merit or relate to matters that will probably not arise on another trial. For the reasons stated in notes 8 and 9 above, the court erred in refusing a new trial.     *Judgment reversed. All the Justices concur.*

No. 10727. MARCH 13, 1936.

*W. E. & W. G. Mann,* for plaintiff in error.
*Y. A. Henderson,* and *T. H. Lang,* contra.