## BROOKS v. WINKLES.

FISH, C. J. 1. In an action on a general warranty of title to land against the claims of all persons, an eviction or equivalent disturbance by an outstanding paramount title must be shown, to entitle the plaintiff to recover. *Darley* v. *Mallary*, 136 *Ga.* 345 (71 S. E. 471).

2. If in such a case the plaintiff relies upon ouster in consequence of legal proceedings, it must appear that the warrantor had notice thereof and an opportunity to defend. Civil Code, § 4197. See *Clements* v. *Collins*, 59 *Ga.* 124; *Haines* v. *Fort*, 93 *Ga.* 25, 28 (18 S. E. 994).

3. The defendant in execution is not a party to a statutory claim case, where the only issue made is the ordinary one between the plaintiff in execution and the claimant. *Anderson* v. *Wilson*, 45 *Ga.* 27; *Central Bank* v. *Georgia Grocery Co.*, 120 *Ga.* 883, 884 (48 S. E. 325). Not being a party himself, he can not vouch his warrantor in such a case so as to give him an opportunity to defend his title, and conclude him by a verdict and judgment that the property is not subject to the execution.

4. Where an ordinary execution against two or more defendants is levied upon land, and the entry of levy does not show as whose property the land was levied on, the levy is insufficient, and, unless amended, a sale made thereunder will not divest the title of the real owner of the land. *Cooper* v. *Yearwood*, 119 *Ga.* 44 (45 S. E. 716).

5. Accordingly, on the trial of an action for alleged breach of a general warranty of title to land, the refusal to grant a nonsuit was error, where the only evidence in behalf of the plaintiff, the warrantee, showed the following facts, viz.: An execution in favor of the officers of court and against the warrantee and another was levied upon the land purchased by the warrantee from his warrantor with a covenant of general warranty—the levy, however, not stating as whose property the land was le..ied on; a statutory claim was filed thereto by a third person; the warrantor was subpœnaed by the warrantee as a witness for the plaintiffs in execution, and, on the trial of the usual issue in the claim case, testified in their behalf; and a verdict was rendered finding the property not subject, and a judgment in accordance therewith was entered.

(a) It is not necessary to decide in this case whether the facts that a warrantor is subpœnaed by his warrantee in a case to which the latter is a party, and appears and testifies therein, constitute, without more, sufficient notice to vouch the warrantor so as to require him to defend his title. *Judgment reversed. All the Justices concur.*

APRIL 18, 1913.

Action foɪ breach of warranty. Before Judge Edwards. Haralson superior court. January 18, 1912.

*Griffith & Matthews,* for plaintiff in error.

*J. S. Edwards* and *W. P. Robinson,* contra.