### FIELD *v.* JONES MERCANTILE COMPANY.

RUSSELL, Chief Justice.   1. Construing the petition most strongly against the petitioner, it is apparent that he has collected the stipulated rental on the premises involved in this case, from the time of the removal of his disabilities on July 31, 1933, until the filing of the petition on November 12, 1934, and has thereby ratified the lease contract which he now seeks to have cancelled.   In these circumstances the petition did not state a cause entitling him to cancellation.

2. The allegations of unauthorized cutting and removal of timber from the land of the petitioner, and removal of personalty belonging to him, in violation of the terms of the lease under which the defendant held, and the prayer for an accounting to determine the amount in which the defendant was indebted to the petitioner by reason thereof, and for judgment against the defendant for that amount, were sufficient to entitle the plaintiff, on proof of these allegations, to the relief for which he prayed as to this timber and personalty.

3. "A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance.   The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer."   *Blaylock* v. *Hackel,* 164 Ga. 257 (138 S. E. 333), and cit.

4. Under the foregoing rulings, the petition stated a cause of action for an accounting and judgment for the value of the timber alleged to have been removed.   The court erred in sustaining the general demurrer and in dismissing the entire action.

*Judgment reversed.   All the Justices concur.*

No. 10786.   MARCH 13, 1936.

*Hugh F. MacMillan* and *Jones, Fuller & Clapp*, for plaintiff.

*A. J. Henderson* and *John S. Wood*, for defendant.