### WRENN *v.* MONTGOMERY *et al.*

RUSSELL, Chief Justice. 1. If a petition alleges a cause of action for any of the relief prayed for, it will not be dismissed on general demurrer. *Blaylock* v. *Hackel,* 164 *Ga.* 257 (5) (138 S. E. 333), and cit.

2. The petition as several times amended seeks rescission of a contract of purchase of a hotel as a going concern from a lessee of the realty for a term exceeding five years, and the outright purchase of the hotel equipment, on account of actual fraud as to quality and title of the equipment inducing the purchaser to purchase. It also seeks cancellation of the contract and notes for the deferred payment of the purchase money, and judgment for the amounts paid; also injunction and receiver. It alleges substantially an offer to restore the status, promptly after discovery of the fraud. It is not alleged expressly that the defendant is insolvent, but it is alleged that he returned no property for taxation in the county where the suit was brought, or in the foreign jurisdiction where he resided. The record shows personal service upon the defendant while in the county where the suit was brought. *Held:* (*a*) In so far as any of the numerous grounds of special demurrer were sufficient to present a question for decision, they were without merit. (*b*) The petition as amended set forth a cause of action for rescission, cancellation, injunction, and a money judgment. The case differs from that of *Williford* v. *Haverty Furniture Co.,* 183 *Ga.* 707 (189 S. E. 521), in which the transaction related only to a sale of specific personalty, which was retained by the vendee for more than two

years before offer to rescind, and the vendor was a resident of the county whose solvency was in no manner questioned.

3. The court did not err in overruling the demurrers.

*Judgment affirmed. All the Justices concur.*

No. 12456. SEPTEMBER 15, 1938.

*McElreath, Scott, Duckworth & DuVall,* for plaintiff in error. *Robert Carpenter, John K. Davis,* and *Mundy & Mundy,* contra.