## BELLE ISLE v. MOORE.

No. 13292.   September 25, 1940.   Rehearing denied October 16, 1940.

884

*Douglas, Andrews & Cole* and *Charles W. Allen*, for plaintiff
in error.

*F. M. Bird*, contra.

JENKINS, Justice. 1. Where a debtor conveys property to
another person, and the vendee as a consideration agrees to pay
the debts of the vendor, a creditor of the vendor may enforce the
assumption agreement against the vendee by a suit in equity with
proper pleadings and parties. *Sheppard* v. *Bridges*, 137 *Ga.* 615
(1-3) (74 S. E. 245); *First National Bank of Quitman* v. *Roun-
tree*, 173 *Ga.* 117 (159 S. E. 658); *National Mortgage Co.* v.
*Bullard*, 178 *Ga.* 451, 453 (173 S. E. 401); *Morgan* v. *Argard*, 148
*Ga.* 123, 125 (95 S. E. 986); *Burgess* v. *Ohio National Life In-
surance Co.*, 177 *Ga.* 48, 51 (169 S. E. 364).

2. Where a corporation owing debts transfers its entire assets
to a vendee on the consideration that he pay its debts, and he fails
to do so, the corporation is to be regarded as in a state of in-
solvency. Such a transferee takes the assets cum onere, impressed
with a trust in favor of creditors; and in an equitable suit by a
creditor in behalf of himself and other creditors, against the cor-
poration and the vendee, the assets may be impressed with the trust
or right of payment in favor of creditors. An injunction against
any further transfer of the assets, and an appointment of a receiver,
if necessary to protect this right of creditors, are proper. See
*The Anvil* v. *Savery*, 116 *Ga.* 321, 324 (42 S. E. 495); *Tatum* v.
*Leigh*, 136 *Ga.* 791 (72 S. E. 236); *Smith Co.* v. *Austin Co.*, 143

*Ga.* 254 (84 S. E. 444); *Sheppard* v. *Bridges,* supra; Wood *v.* Dummer, 3 Mason, 308; 15-A Fletcher's Enc. Cor. §§ 7415, 7369. See also Code, § 22-1208, recognizing the "trust-fund" doctrine where there is a "dissolution of a corporation for any cause."

3.   While a plaintiff may not invoke the aid of the courts upon inconsistent theories or principles of redress, based on the same facts, but is put to an election between such alternative remedies, and a choice once made will operate as a bar to the other remedy (*Bacon* v. *Moody,* 117 *Ga.* 207, 43 S. E. 482; *Hand* v. *Brown,* 144 *Ga.* 272, 86 S. E. 1080), yet he "may pursue any number of consistent concurrent remedies against different persons until he shall obtain a satisfaction from some of them." Code, § 3-114; 18 Am. Jur. 136; 20 C. J. 6.   Where, in a case such as stated in the preceding paragraphs, a creditor of a corporation proceeds in equity for himself and other creditors against a corporation which has transferred all of its assets, and against its vendee who assumed its debts up to a stated amount, the vendee under his assumption agreement may be thus subjected to liability in equity up to that amount; and in the same suit the assets may be charged with a trust or right of payment therefrom, arising in favor of creditors.   These remedies not being inconsistent, the plaintiff would not be put to an election between them, although he would not be entitled to more than one satisfaction of his debt, and any moneys that might be derived from a sale of the assets would be credited on the liability arising from the assumption agreement. See *Sheppard* v. *Bridges,* and *National Mortgage Co.* v. *Bullard,* supra; Pierce *v.* U. S., 255 U. S. 398 (41 Sup. Ct. 365, 65 L. ed. 697); Cobb *v.* Interstate Mortgage Co., 20 Fed. 2d, 786.   Under the preceding rulings and the averments of the petition, the plaintiff could proceed on both remedies until he obtained a satisfaction from one of them.   Equity, having all parties in the transaction before it, has jurisdiction to give complete relief to the plaintiff and other creditors, and to adjust the rights of the parties so as to do justice to all.   Accordingly, the petition was not subject to the motion to dismiss or to general demurrer, or to special demurrer by the defendant vendee, on the grounds of misjoinder, multifariousness, or duplicity.

4.   The petition not being subject to any of the grounds of demurrer stated, or to other special grounds relating to alleged con-

clusions or statements on information and belief, as indicated in the statement of facts, the court did not err in overruling the demurrers on all grounds.

*Judgment affirmed. All the Justices concur.*