HYDE *v.* ATLANTA WOOLEN MILLS CORPORATION *et al.*

DUCKWORTH, Chief Justice. 1. A creditor may in one action in the superior court proceed against his debtor for judgment on his demand and to set aside a fraudulent conveyance, joining debtor and grantee. *DeLacy* v. *Hurst*, 83 *Ga.* 223 (4) (9 S. E. 1052); *Vaughn* v. *Georgia Loan Co.*, 98 *Ga.* 288 (25 S. E. 441); *Booth* v. *Mohr*, 122 *Ga.* 333 (1) (50 S. E. 173); *Fourth National Bank* v. *Mooty*, 143 *Ga.* 137 (84 S. E. 546); *May Realty Co.* v. *Forsdick*, 180 *Ga.* 226, 229 (178 S. E. 660).

2. "A voluntary deed is void as to creditors, though the grantor be not insolvent at the time of making the deed, if his purpose in so doing is to hinder, delay, or defraud creditors; and this would be true whether

the donee knew of the fraudulent intention or not." *May* v. *Leverett*, 167 *Ga.* 205 (1) (144 S. E. 778). See also *Citizens & Southern Nat. Bank* v. *Kontz*, 185 *Ga.* 131 (5) (194 S. E. 536).

3. The allegations of the petition—to the effect that the named defendant, while in the employ of the petitioner, abstracted and stole from it funds, which he used in purchasing described realty and thereafter conveying, without any legal consideration therefor, various parcels to named defendants, also giving to one of the donees several automobiles, as well as $15,000 in cash, representing money stolen from the petitioner, the petition praying for judgment against the principal defendant for the amount due because of the alleged fraudulent and illegal acts, that the properties bought with the stolen funds be subjected to the judgment, and that the deeds to the various defendants be set aside, a receiver be appointed, and for injunction and other relief—stated a cause of action against all of the defendants, and the court did not err in overruling the general demurrer filed by one of them.

4. "An equitable petition is not multifarious because all of the defendants are·not interested in all of the matters contained in the suit. It is sufficient if each party has an interest in some matter in the suit which is common to all, and that they are connected with the others. All persons who are directly or consequentially interested in the event of the suit are properly made parties to a petition in equity, so as to prevent a multiplicity of suits by or against parties at once or successively affected by the original case." *Cowan* v. *Nicholson*, 158 *Ga.* 425 (1) (123 S. E. 681). See also Code, § 37-1007; *Knox* v. *Reese*, 149 *Ga.* 379 (100 S. E. 371); *First National Bank of Sparta* v. *Wiley*, 150 *Ga.* 759 (2) (105 S. E. 308); *Hines* v. *Wilson*, 164 *Ga.* 888 (4) (139 S. E. 802).

5. Since the petition asserts as to all defendants that the property conveyed or given to them respectively was without any legal consideration and purchased with funds stolen by the defendant grantor from the petitioner, the issue as to that question is common to all of the defendants, and under the above stated authorities the petition is not subject to the grounds of special demurrer as to misjoinder of parties and causes of action and multifariousness.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16379.   OCTOBER 13, 1948.

*Harris, Henson & Spence,* for plaintiff in error.

*George & John L. Westmoreland, James A. Branch, Allen E. Lockerman, Thomas B. Branch Jr., W. K. Meadow,* and *Spalding, Sibley, Troutman & Kelley,* contra.