ABERNATHY *v.* RYLEE *et al.*

No. 17885.  ARGUED JUNE 9, 1952—DECIDED SEPTEMBER 2, 1952.

318

*Telford, Wayne & Smith*, for plaintiff in error.

*Stow & Andrews, J. B. G. Logan, H. W. Davis* and *Jack S. Davidson*, contra.

HEAD, Justice. In the present case the deed under which the plaintiff claims title to the timber contains a provision warranting the title to the plaintiff "against the claims of all persons whomsoever." Such general warranty of title in a deed covers

defects in the title, including liens and encumbrances, although the defects may have been known to the purchaser at the time of the execution of the deed. *Osburn* v. *Pritchard*, 104 *Ga.* 145 (30 S. E. 656).

"In an action on a general warranty of title to land against the claims of all persons, an eviction or equivalent disturbance by an outstanding paramount title must be alleged." *White & Corbitt* v. *Stewart & Co.*, 131 *Ga.* 460 (62 S. E. 590, 15 Ann. Cas. 1198); *Joyner* v. *Smith,* 132 *Ga.* 779 (65 S. E. 68); *Darley* v. *Mallary Bros. Machinery Co.*, 136 *Ga.* 345 (71 S. E. 471); *Brooks* v. *Winkles,* 139 *Ga.* 732 (78 S. E. 129). The allegations of the petition in the present case are in substantial compliance with the above rule, in that the petition sets forth an assertion of title by the claimants which, upon its face, would appear to be the paramount title.

The contentions of all the defendants in the present action, that the allegations of the petition are in the alternative, are without merit. Alternative means "an opportunity for choice between two things, courses, or propositions, either of which may· be chosen, but not both." Webster's New International Dictionary (2d ed.), p. 77. For examples of alternative pleadings, see *Baggett* v. *Edwards,* 126 *Ga.* 463, 465 (55 S. E. 250), where the plaintiff referred to an instrument "in the alternative as a mortgage or deed"; and *Fraser* v. *Smith & Kelly Co.*, 136 *Ga.* 18 (70 S. E. 792), where an employee in an action for damages against the master alleged that the master "knew, or ought to have known" certain facts. See also *Green, Tracy & Co.* v. *Ingram,* 16 *Ga.* 164; *John A. Roebling's Sons Co.* v. *Southern Power Co.*, 142 *Ga.* 464 (2) (83 S. E. 138).

The petition alleges the facts showing the purchase of the timber on a tract of land by the plaintiff, that he started to remove the timber when a disturbance was created by the claimants asserting title to the land and timber. The plaintiff does not undertake to state in his petition whether the contentions of the warrantor, or the contentions of the claimants, represent the true facts. Indeed, he would not be able to determine the status of the title from the respective contentions. The fact that the claimants were basing their contentions on a prior recorded deed would not necessarily mean that they held title

to the land and the timber. The warrantor may have entered into possession and remained in possession under the subsequent deed, dated in 1933. In any event, it was not the duty and obligation of the plaintiff to hazard a guess as to the title, based on the contentions of the respective parties. His right to cut the timber had been interfered with upon a contention that might be sustained, and one which, if sustained, would result in subjecting the plaintiff to loss for unlawfully removing the timber. Code, § 105-2013; *Minor* v. *Fincher*, 206 *Ga.* 721, 733 (58 S. E. 2d, 389). The plaintiff's allegations as to what occurred are not in the alternative. His allegations are positive, direct, and certain.

It is true that in the prayers of his petition the plaintiff asserts that, if the contentions of the claimants are true, he is entitled to recover from the warrantor the purchase price of the timber, to wit, $3900, plus interest from the date of the breach of the warranty, and that, on the other hand, if the claimants' position is not sound, he is entitled to have their deeds canceled and to be permitted to remove the timber. He prays that he have relief against one or the other group of defendants, but not against both.

A petition is not rendered subject to general demurrer because there may be a prayer for relief in the alternative. See *Chamblee* v. *Atlanta Brewing & Ice Co.*, 131 *Ga.* 554, 563 (62 S. E. 1032); *Boney* v. *Cheshire*, 147 *Ga.* 30 (92 S. E. 636); *McMillan* v. *Benfield*, 159 *Ga.* 457 (4b) (126 S. E. 246); *Bridges* v. *Donalson*, 165 *Ga.* 228, 231 (140 S. E. 497); *Belle Isle* v. *Moore*, 190 *Ga.* 881, 885 (10 S. E. 2d, 923); *Grant* v. *Hart*, 192 *Ga.* 153 (14 S. E. 2d, 860); *Deich* v. *Reeves*, 203 *Ga.* 596, 597 (2) (48 S. E. 2d, 373).

In *Belle Isle* v. *Moore*, supra, it was said that, where "a creditor of a corporation proceeds in equity for himself and other creditors against a corporation which has transferred all of its assets, and against its vendee who assumed its debts up to a stated amount, the vendee under his assumption agreement may be thus subjected to liability in equity up to that amount; and in the same suit the assets may be charged with a trust or right of payment therefrom, arising in favor of creditors. These remedies not being inconsistent, the plaintiff would not be put

to an election between them, although he would not be entitled to more than one satisfaction of his debt, . ."

The above rule is particularly applicable here. The plaintiff has parted with his money in the purchase of a tract of timber. He says that he is entitled to cut the timber, or to have his money refunded, with interest. He seeks only one satisfaction of the obligation created by his purchase of the timber, and he is not insisting upon anything that is not authorized by the law, good morals, good conscience, and the rules of equity.

"Different defendants may be joined in the same action, if there is a common connecting interest in the subject-matter which the plaintiffs are attempting to subject to the lien of a judgment or decree, where either plaintiffs or defendants have one common interest in the point at issue." *Hines* v. *Wilson*, 164 *Ga.* 888, 889 (5) (139 S. E. 802); Code, § 37-1007; *Brumby* v. *Board of Lights & Waterworks*, 147 *Ga.* 592, 593 (3) (95 S. E. 7); *O'Jay Spread Co.* v. *Hicks*, 185 *Ga.* 507, 512 (195 S. E. 564); *Hyde* v. *Atlanta Woolen Mills Corp.*, 204 *Ga.* 450, 451 (4) (50 S. E. 2d, 52).

The defendants rely upon *Doyal* v. *Russell*, 183 *Ga.* 518, 534 (189 S. E. 32), *Groover* v. *Savannah Bank & Trust Co.*, 186 *Ga.* 476 (198 S. E. 217), *W. P. Brown & Sons Lumber Co.* v. *Echols*, 200 *Ga.* 284 (36 S. E. 2d, 762), *Saliba* v. *Saliba*, 201 *Ga.* 577, 578 (2) (40 S. E. 2d, 511), *Wynndam Court Apt. Co.* v. *First Federal Savings &c. Assn. of Atlanta*, 204 *Ga.* 501 (50 S. E. 2d, 611), and similar cases, wherein the rule is laid down that, "Where any one of several averments alleged in the alternative is insufficient, the entire pleading is rendered bad. . . Where two matters are pleaded in the disjunctive, one of which is good and the other not, the petition is treated as pleading no more than the latter, because it must be construed most strongly against the pleader." *Doyal* v. *Russell*, supra.

Beginning with the decision of this court in *McLaren* v. *Steapp*, 1 *Ga.* 376, it has been the general rule that, if the plaintiff is entitled to any relief under the allegations of his petition, a general demurrer will not be sustained. It has been said repeatedly by this court that "A bad part in pleading does not make the whole bad, but a good part makes the whole good enough to withstand a general demurrer." *Munnerlyn* v. *Augusta*

*Savings Bank,* 88 *Ga.* 333, 339 (14 S. E. 554, 30 Am. St. R. 159). See *Finney* v. *Cadwallader,* 55 *Ga.* 75; *Blaylock* v. *Hackel,* 164 *Ga.* 257, 258 (5) (138 S. E. 333); *Jackson* v. *Jackson,* 179 *Ga.* 696, 699 (177 S. E. 591); *Field* v. *Jones Mercantile Co.,* 182 *Ga.* 142 (3) (184 S. E. 882); *Moody* v. *McHan,* 184 *Ga.* 740, 745 (193 S. E. 240); *Groover* v. *Savannah Bank & Trust Co.,* supra; *Wrenn* v. *Montgomery,* 186 *Ga.* 618 (198 S. E. 709); *Pullen* v. *General American Credits,* 186 *Ga.* 642, 647. (198 S. E. 747); *Poole* v. *Arnold,* 187 *Ga.* 734, 742 (2 S. E. 2d, 83); *Kerlin* v. *Southern Bell Telephone &c. Co.,* 191 *Ga.* 663, 670, 671 (13 S. E. 2d, 790); *Pardue Medicine Co.* v. *Pardue,* 194 *Ga.* 516 (2) (22 S. E. 2d, 143); *Pierce* v. *Harrison,* 199 *Ga.* 197, 198 (3a) (33 S. E. 2d, 680); *Wellborn* v. *Johnson,* 204 *Ga.* 389, 394 (50 S. E. 2d, 16); *Price* v. *Price,* 205 *Ga.* 623, 630 (54 S. E. 2d, 578); *Bailey* v. *Bell,* 208 *Ga.* 715, 717 (69 S. E. 2d, 272).

The rule in the *Doyal* case, supra, and similar cases, is an exception to the general rule, and can not be applied to the facts in the present case, for the reason that the pleadings are not in the alternative, or disjunctive. The alternative prayers for relief are based upon alleged facts consistent with the relief sought. Under the applicable rules of pleading, the alternative prayers do not make the petition subject to demurrer.

The contention by some of the defendants that the plaintiff had an adequate remedy at law by ejectment, and the other contentions upon which they rely to sustain the ruling upon general demurrer, are without merit.

*Judgment reversed. All the Justices concur, except Wyatt and Almand, JJ., who dissent, and Atkinson, P.J., not participating.*

ALMAND, Justice, dissenting. The controlling question raised by the general demurrer is whether the material allegations of the petition, relating to different causes of action, are in the alternative or disjunctive. If they are, and any one of them is insufficient, the entire pleading is bad in substance and subject to attack by general demurrer. Where two matters are pleaded in the disjunctive, one of which is good and the other not, the petition will be treated as pleading no more than the latter. *Doyal* v. *Russell,* 183 *Ga.* 518 (4) (189 S. E. 32); *Groover* v. *Savannah Bank & Trust Co.,* 186 *Ga.* 476 (2) (198

S. E. 217); *Consolidated Distributors* v. *City of Atlanta,* 193 *Ga.* 853, 858 (20 S. E. 2d, 421); *W. P. Brown & Sons Lumber Co.* v. *Echols,* 200 *Ga.* 284 (2) (36 S. E. 2d, 762).

The term "disjunctive" means "one which is placed between two contraries, by the affirming of one of which the other is taken away." Black's Law Dict. A pleading is in the alternative "when it alleges substantive facts so disjunctively that it can not be determined upon which of them the pleader intends to rely as basis for recovery. In either case the petition would be subject to special demurrer, but in the latter case it would also be subject to general demurrer if any one of the alternatives be insufficient." *Groover* v. *Savannah Bank & Trust Co.,* supra, p. 478.

The primary purpose of the plaintiff's petition is to cancel certain deeds as a cloud upon his title to a tract of timber, on the ground that the defendant Mrs. Rylee, the grantee in the deeds, never delivered the deeds to the land in question to the grantees. Then, by alternative allegations, the plaintiff alleges that, if his plea as to this be not sustained, he should have judgment against the grantor, Mrs. Rylee, and against his predecessor in title for a breach of warranty. In one breath he asserts title to the timber because of the invalidity of the deeds, and in the next breath he asks for damages against two other defendants on the assumption that the deeds are valid. The prayer of the petition for cancellation of the deeds is barred by the statute of limitations (*Harrison* v. *Holsenbeck,* 208 *Ga.* 410, 67 S. E. 2d, 311), and though the remaining prayers be good in substance, they fall with the bad part of the petition. The judgment dismissing the petition on general demurrer was proper, and should be affirmed.

I am authorized to say that Wyatt, J., joins in this dissent.