18849.  ADAMS *et al. v.* McGEHEE.

Submitted February 14, 1955—Decided March 17, 1955.

*Forrest C. Oates, Jr., Maddox & Maddox,* for plaintiffs in error. *W. W. Mundy, Jr., Jones, Sparks, Benton & Cork, Othniel W. McGehee,* contra.

Almand, Justice.  Dr. John M. McGehee filed an equitable petition against Mrs. Dean Adams, employed by him as a nurse, receptionist, and bookkeeper, seeking to require her to account to him for monies alleged to have been received by her from his patients and appropriated to her own use, for the appointment of a receiver, and for injunctive relief.  A temporary receiver was appointed and restraining orders were issued.  By amendment Roy J. Adams, the husband of Mrs. Dean Adams, and Clyde Tuck were made defendants, and Commercial National Bank of Cedartown was restrained from permitting Mr. and Mrs. Adams to withdraw funds from a joint checking account, or from having access to their safety deposit box in said bank. The general demurrers of Mrs. Adams, and the general and special demurrers of Mr. Adams, were overruled.  By writ of error these two defendants (Adams) assign error on these orders, as well as on the several interlocutory orders.

■  Error is assigned on the order appointing a temporary receiver without notice and a hearing.  The order appointing a temporary receiver is dated February 19, 1954, and the bill of exceptions was tendered on October 20, 1954.  This assignment of error cannot be considered, for the reason that, under Code § 6-902, a bill of exceptions to the grant or refusal of an application for the appointment of a receiver must be tendered within

30 days from the date of the order. *Cook County* v. *Thornhill Wagon Co.*, 186 *Ga.* 835 (199 S. E. 117). The amendment to Code § 6-902, approved December 21, 1953 (Ga. L. 1953, Nov.-Dec. Sess., p. 279), did not change this rule.

■ Error is assigned on the several orders restraining the defendants Adams, Tuck, and Commercial National Bank of Cedartown without notice and a hearing. The court was authorized by Code § 55-201 to grant instanter a restraining order until a hearing or further order of the court, which restraining order has the effect of an injunction until rescinded or modified by the court. "A motion to have the injunction revoked or modified, or a writ of error (in a case where such writ may be had), is the remedy, if a party enjoined thinks that the injunctive order was erroneously granted." *Dunn* v. *Harris*, 144 *Ga.* 157, 160 (86 S. E. 556). All of these temporary restraining orders were granted more than 30 days prior to the tendering of the bill of exceptions in this case, and therefore these assignments of error cannot be considered.

■ On May 13, 1954, after Honorable W. W. Mundy, Judge of Polk Superior Court, had signed several orders in the case, the defendants filed a written motion, suggesting the disqualification of Judge Mundy on the ground that he was a stockholder in the Commercial National Bank of Cedartown. After a hearing, Judge Mundy refused to disqualify himself, and error is assigned on this order. Though the record does disclose that Judge Mundy was a stockholder in this bank, it does not show that the bank was a party to the case, but only that the bank was restrained from allowing the defendants Adams to withdraw funds of theirs on deposit in the bank, and from entering their safety deposit box in the bank. It does not appear that the bank has any financial interest in the matters at issue, or would be pecuniarily interested or affected by the final outcome of the case.

The interest which disqualifies a judge from presiding in a case under Code § 24-102 is a direct pecuniary or property interest in the subject matter of the litigation, whereby a liability, or pecuniary gain, would occur on the outcome of the suit. *City of Valdosta* v. *Singleton*, 197 *Ga.* 194 (1) (28 S. E. 2d 759); *Blakeman* v. *Harwell*, 198 *Ga.* 165 (1) (31 S. E. 2d 50). The

record clearly shows that Judge Mundy was not disqualified from presiding in this case, and there was no error in his refusal to recuse himself.

■ By amendment Roy J. Adams, the husband of Mrs. Dean Adams, after notice and hearing, was made a party defendant, and was restrained in this order. This amendment alleged: that Mrs. Adams and her husband maintained a joint checking and savings account and a safety deposit box in the Commercial National Bank; that they owned a Cadillac automobile, which they traded to one Clyde Tuck for a Chevrolet car after this suit was filed; that they jointly owned a described house and lot; that the monies of the plaintiff which had been collected by Mrs. Adams and unaccounted for had been mingled with the funds of Mr. and Mrs. Adams, and a portion of them had gone into the purchase of and payments on the described real estate and automobile, and constituted a portion of the funds which were on deposit at said bank to their joint account or in a joint safety deposit box; and that the plaintiff is entitled to an equitable lien on any and all of the properties of the husband and wife to the extent that any of the unaccounted-for funds may have been used in the purchase of or payments on the described properties. It was further alleged that the husband aided and assisted his wife, with knowledge of her misconduct in the misappropriation of the funds of the plaintiff.

Under the allegations in the petition, the defendant Mrs. Adams was a trustee ex maleficio of the monies belonging to the plaintiff. *Stover* v. *Atlantic Ice &c. Corp.*, 154 *Ga.* 228 (113 S. E. 802); *Murray County* v. *Pickering*, 196 *Ga.* 208 (2) (26 S. E. 2d 287). Code § 108-423 provides that all persons who aid or assist trustees of any character, with knowledge of their misconduct in misapplying assets, are directly accountable to the person injured. Section 108-425 provides that, when assets are misapplied and can be traced into the hands of persons affected with notice of the misapplication, the trust shall attach to those assets, and equity will aid in restoring them to their legitimate purpose. In such a case, the person injured may join in one suit the person occupying the fiduciary relationship and one who aids and assists him in so doing. *Atlanta Trust Co.* v. *National Bondholders Corp.*, 188 *Ga.* 761 (4) (4 S. E. 2d 644). Under

these principles of law, the amendment making the husband a party defendant and praying equitable relief against him was properly allowed. See, in this connection, *Grant* v. *Hart,* 192 *Ga.* 153 (14 S. E. 2d 860); *Hyde* v. *Atlanta Woolen Mills Corp.,* 204 *Ga.* 450 (50 S. E. 2d 52).

■ Error is assigned on the order allowing an amendment to the petition, making Clyde Tuck a party defendant. Even if it be conceded that the defendants Adams have the right to object to this amendment, its allowance was not error, it being charged that Tuck, with knowledge of the existence of the order restraining the defendant Mrs. Adams from disposing of the Cadillac automobile, her property, traded the Chevrolet for the Cadillac automobile, which was registered in the name of Mrs. Adams. See Code § 3-404; *Berryman* v. *Haden,* 112 *Ga.* 752 (38 S. E. 53); *Davis* v. *Freeman,* 190 *Ga.* 833 (10 S. E. 2d 847).

■ There is no merit in the assignments of error on the allowance of the several amendments to the petition, on the ground that they were allowed without notice and hearing. All of these amendments were allowed subject to demurrer, and were demurred to by the defendant Roy J. Adams, which demurrers we will consider in the next division of this opinion.

■ The general demurrers of Mrs. Adams, and the general and special demurrers of Roy J. Adams, were properly overruled. The amended petition in substance alleges: that Mrs. Adams, while in the employ of the plaintiff, a medical doctor, as nurse, receptionist, and bookkeeper, in custody of the plaintiff's books and records as a part of her duties, received payments from the plaintiff's patients in cash and by check; that she was entrusted by the plaintiff with the responsibility of depositing such monies to the accounts of the plaintiff in two named banks in Cedartown; that approximately $10,000 had been collected by her from the plaintiff's patients for which she had not accounted; that certain records, including duplicate deposit slips and receipts, were in her possession or had been destroyed by her; that she is insolvent, and is preparing to move herself and her property beyond the jurisdiction of the court; that she and her husband have on deposit, or in a safety deposit box in their joint names, money and securities in two named banks, as well as an automobile, and own a house and lot, the title to which is

in their joint names; that all of said property owned has been purchased in part with the monies of the plaintiff which had been collected by Mrs. Adams from the plaintiff's patients, and was placed in the joint account or ownership of the defendants Adams with the knowledge of the husband that such money was the property of the plaintiff. The prayers of the petition are for an accounting by Mrs. Adams of the monies collected by her while in the plaintiff's employ, for the appointment of a receiver to take charge of certain described property held jointly by the defendants, and for injunctive relief.

The amended petition, as against the general demurrers, is sufficient to show that the plaintiff is entitled to an accounting by the defendant Mrs. Adams for the monies collected by her while she was in the employ of the plaintiff, for a tracing of such funds into the properties held or owned jointly by her and her husband, and for the appointment of a temporary receiver and the grant of injunctive relief. Code §§ 55-301, 55-305, 108-106, 108-423, 108-425; *Crook* v. *Citizens Bank of Blakely,* 153 *Ga.* 301 (111 S. E. 916); *Tow* v. *Evans,* 194 *Ga.* 160 (20 S. E. 2d 922); Code § 37-301; *Atlanta Trust Co.* v. *National Bondholders Corp.,* 188 *Ga.* 761 (4 S. E. 2d 644); *Grant* v. *Hart,* 192 *Ga.* 153 (14 S. E. 2d 860); *Southern Feed Stores* v. *Sanders,* 193 *Ga.* 884 (20 S. E. 2d 413); *Hyde* v. *Atlanta Woolen Mills Corp.,* 204 *Ga.* 450 (50 S. E. 2d 52). No reversible error appearing in the record, the judgment complained of is

*Affirmed. All the Justices concur.*