**In re TWA INC. POST CONFIRMATION ESTATE, Debtor.**

**TWA Inc. Post Confirmation Estate, Plaintiff,**

v.

**United States Department of Agriculture, Defendant.**

Bankruptcy No. 01–0056 (PJW).

Adversary No. 03–70101(PJW).

United States Bankruptcy Court, D. Delaware.

Aug. 6, 2004.

Laura Davis Jones, James E. O'Neill, Michael P. Migliore, Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., Wilmington, DE, James H.M. Sprayregen, Janet S. Baer, Jeffrey W. Gettleman, Kirkland & Ellis LLP, Chicago, IL, Co–Counsel for TWA, Inc. Post Confirmation Estate.

Peter D. Keisler, Assistant Attorney General Civil Division, Richard G. Andrews, United States Attorney for The District of Delaware, Ellen W. Slights, Assistant United States Attorney, Wilmington, DE, J. Christopher Kohn, Tracy J. Whitaker, Ruth A. Harvey, Senior Trial Counsel, United States Department of Justice, Washington, D.C., Counsel for the United States, on behalf of the United States Department of Agriculture.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

This opinion is with respect to the motion for summary judgment (Doc. # 16) filed by the TWA Inc. Post Confirmation Estate ("TWA"). The United States Department of Agriculture ("USDA") filed a proof of claim, alleging its claim is secured. TWA filed its complaint asserting the claim should be reclassified as unsecured. For the reasons set forth below, the summary judgment motion will be granted.

## BACKGROUND

The USDA performed statutory inspections on aircraft owned by the Debtor, TWA Inc., during the period April 1, 2000 through January 9, 2001. On January 10, 2001 the Debtor and twenty-six of its subsidiaries filed voluntary petitions for relief in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq.[1] The USDA filed a proof of claim for aircraft inspection services, reimbursable overtime inspections, and violations of animal welfare regulations. The USDA asserts that it has a claim for aircraft inspection services in the amount of $296,277.25 in principal and $9,047.66 in interest. The proof of claim asserts that it is secured by a statutory lien pursuant to 21 U.S.C. § 136a (1999 & Supp.2004).

On April 23, 2004 I requested further information from the USDA regarding third party notice of its lien. The USDA filed a response on May 6, 2004 and TWA replied on May 17, 2004. My decision herein is based on the original briefs and the supplemental letters.

## DISCUSSION

Under Rule 56 of the Federal Rules of Civil Procedure the "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(c) is applicable to an adversary proceeding pursuant to

---

1. Individual sections of the Bankruptcy Code will be cited herein as "Code § _____."

Rule 7056 of the Federal Rules of Bankruptcy Procedure. "The parties agree that, for purposes of this Motion, there is no issue of material fact, and the dispute relates to the legal validity and effect of the lien asserted by USDA." (Doc. # 16 at 3.)

According to TWA, it is entitled to summary judgment to have the USDA's claim reclassified as an unsecured claim pursuant to Bankruptcy Code § 545(2) because the USDA did not record its lien in accordance with the requirements of the Federal Aviation Act of 1958 (the "Act"), specifically, 49 U.S.C. §§ 44107 and 44108.

Code § 545(2) provides:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

\*     \*     \*     \*     \*     \*

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 545(2) (1993).

Of course, pursuant to Code § 1107(a) TWA has the rights of a trustee under Code § 545(2).

The pivotal issue in this case is whether the USDA lien, effected pursuant to 21 U.S.C. § 136a, had to be recorded with the Federal Aviation Administration ("FAA") pursuant to Act §§ 44107, 44108 (1997). In relevant part, Act § 44107 provides:

(a) **Establishment of system.**—The Administrator of the Federal Aviation Administration shall establish a system for recording—

(1) conveyances that affect an interest in civil aircraft of the United States;

(2) leases and instruments executed for security purposes, including conditional sales contracts, assignments . . . .

49 U.S.C. § 44107 (1997).

According to Act § 44108(a), the lien is given only limited effect until it is recorded:

(a) **Validity before filing.**—Until a conveyance, lease, or instrument executed for security purposes that may be recorded under section 44107(a)(1) or (2) of this title is filed for recording, the conveyance, lease, or instrument is valid only against—

(1) the person making the conveyance, lease, or instrument;

(2) that person's heirs and devisees; and

(3) a person having actual notice of the conveyance, lease, or instrument.

49 U.S.C. § 44108 (1997).

The USDA argues that it did not have to record its lien with FAA because the lien was automatically imposed by 21 U.S.C. § 136a, which provides in relevant part:

(a) **Quarantine and inspection fees**

(1) **Fees authorized**

The Secretary of Agriculture may prescribe and collect fees sufficient—

(A) to cover the cost of providing agricultural quarantine and inspection services in connection with the arrival at a port in the customs territory of the United States

\*     \*     \*     \*     \*     \*

(c) **Animal inspection and veterinary diagnostics**

(1) **Animal inspection**

The Secretary may prescribe and collect fees to reimburse the Secretary for the cost of carrying out the provisions of the Federal Animal Quarantine Laws that relate to the importation, entry, and

exportation of animals, articles, or means of conveyance.

\* \* \* \* \* \*

### (5) Leins [sic]

#### (A) In general

The Secretary shall have a lien against the animal, article, means of conveyance, or facility for which services have been provided under this section for the fees, any late payment penalty, and any accrued interest assessed under this subsection.

#### (B) Other animals, etc.

In the case of any person who fails to make payment when due under this subsection, the Secretary shall have a lien against any animal, article, or means of conveyance thereafter imported, moved in interstate commerce, or attempted to be exported by the person after the date of such failure until the date on which such owner or operator make[sic] full payment to the Secretary under this subsection.

21 U.S.C. § 136a.

According to the USDA, its "lien is set forth in the statute, and its plain words do not require USDA to take any additional steps to prefect its lien or enforce its rights." (Doc. # 17 at 6.) I disagree.

■ As noted above, Code § 545(2) allows the trustee or debtor in possession to avoid statutory liens if the lien "is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser ...." 11 U.S.C. § 545(2). "Perfection is ... generally designed to 'furnish[ ] public notice of the secured party's interest in the collateral, thereby protecting third persons against the secret or undisclosed lien.'" *Clark v. Valley Fed. Sav. & Loan (In re Reliance Equities, Inc.)*, 966 F.2d 1338, 1341 (10th Cir.1992)(citing *Merrill Lynch v. Van Ky-len (In re Van Kylen)*, 98 B.R. 455, 464 (Bankr.W.D.Wis.1989)).

■ The concept of "public notice" is intertwined with Code § 545(2) because the avoidance right given to the trustee or debtor in possession are those of a "bona fide purchaser." "Although the term 'bona fide purchaser' is not defined in the Bankruptcy Code, it is generally understood to mean '[o]ne who has purchased property for value without notice of any defects in the title of the seller.'" *United States v. Hunter (In re Walter)*, 45 F.3d 1023, 1030 (6th Cir.1995) (citations omitted); *Dietsch v. Long*, 72 Ohio App. 349, 43 N.E.2d 906, 915 (1942)("[T]he three essentials of a bona fide purchase being the absence of notice, a valuable consideration, and the presence of good faith."). These are the characteristics given to a bona fide purchaser by Code § 545(2), "whether or not such a purchaser exists." 11 U.S.C. § 545(2).

■ Since the USDA did not record its lien, there was no "public notice," and therefore the hypothetical bona fide purchaser of Code § 545(2) who purchased TWA's property at the time of commencement of TWA's bankruptcy case could not have had notice of the lien.

As stated above, one of the characteristics of a bona fide purchaser is being "without notice of any defects in ... title ...." *Walter*, 45 F.3d at 1030. Clearly, liens are "defects in title." *See Boisvert v. Trustee of GHR Trust*, 605 A.2d 939, 941 (Me.1992); *Brown v. Robinson*, 354 So.2d 272, 274 (Ala.1978); *Abernathy v. Rylee*, 209 Ga. 317, 72 S.E.2d 300, 302 (1952). Without a public filing by USDA of its lien, third parties could not have had notice of this defect in title, and therefore the hypothetical bona fide purchaser would have been unaware of the USDA's lien at the commencement of the case. It seems clear to me that the USDA's lien falls

squarely within the language of Code § 545(2) and can be avoided by TWA.

The USDA argues that "neither the FAA Act nor the USDA statute requires that the USDA's statutory liens be recorded in the FAA registry system to render them unavoidable." (Doc. # 21 at 2.) I disagree. Nothing prevented USDA from recording its lien if it desired to make it good against purchasers without notice. Congress can be presumed to have been aware of the Bankruptcy Code and its predecessor at the time it enacted § 136a and since it did not provide a recording (i.e., perfection) requirement, it may be presumed that the lien was not meant to be enforceable against a purchaser without notice (unless USDA chose to make a public filing under the Act).

The USDA's position essentially ignores the Congressional intent in adoption of the Act. It was to create a "central clearing house for recordation of titles so that a person, wherever he may be, will know where he can find ready access to the claims against, or liens, or other legal interests in an aircraft." *Philko Aviation, Inc. v. Shacket,* 462 U.S. 406, 411, 103 S.Ct. 2476, 76 L.Ed.2d 678 (1983); *Southern Air Transport, Inc. v. Northwings Accessories (In re So. Air Transport, Inc.),* 255 B.R. 715, 722 (Bankr.S.D.Ohio 2000)("[T]he Court concludes that FAA recording of all liens ... is required for validity against third parties."); *Crescent City Aviation, Inc. v. Beverly Bank,* 139 Ind.App. 669, 219 N.E.2d 446, 448 (1966)(Finding that any lien affecting aircraft will not be effective against property of third persons without knowledge unless and until lien is recorded with Administrator of the FAA).

Reading the Act along with its implementing regulations leaves no doubt that liens must be recorded to be valid against third parties. The Act establishes a system for recording, *inter alia,* "conveyances that affect an interest in civil aircraft of the United States." 49 U.S.C. § 44107(a). It is clear that "conveyances" include liens:

> The Administrator of the FAA found it proper to establish an expansive definition of "conveyance" to comply with Congressional intent. 14 C.F.R. § 49.51 specifically calls for FAA recordation of a "notice of tax lien or other lien ... which affects title to, or any interest in, any aircraft engine ..."
>
> 49 U.S.C. § 44108(a) makes specific reference to "conveyances", and indicates that any conveyance must be filed for recording with the FAA to have validity against third parties, such as *bona fide* purchasers. Reading this statute together with the relevant implementing regulations, including 14 C.F.R. § 49.51, clarifies the requirement that all notices of liens ... are "conveyances" subject to the mandatory FAA recording requirement.

*Southern Air Transport,* 255 B.R. at 722–23.

Important to my ruling here is a particular exemption to the FAA recording requirement. When defining the term conveyance in the recording statute, an FAA regulation points out that a lien imposed by § 6321 of the Internal Revenue Code ("IRC") does not have to be recorded with the FAA because it is recorded with Internal Revenue Service ("IRS") pursuant to 26 U.S.C. § 6323(f). *See* 14 C.F.R. § 49.17 (2004).[2] IRC § 6323(f) details where and how an IRS lien notice is to be filed in a public record. Thus, the IRS lien is ex-

---

**2.** Section 49.17 states:

(a) Each instrument recorded under this part is a "conveyance" within the following

definition in section 101(17) of the Federal Aviation Act of 1958 (49 U.S.C. § 1301): (17) "Conveyance" means a bill of sale, contract of conditional sale, mortgage, as-

empt from the FAA recording because a purchaser is put on notice through a public notice mechanism established by IRC § 6323(f). This IRS exemption prompted my inquiry of April 23, 2004 requesting from the USDA a description of the recording mechanism under § 136a, whereby a third party could access information as to liens on an asset being purchased. The FAA regulation provides for no exemption of a statutory lien based on § 136a and the USDA has cited no provision similar to IRC § 6323, or any other USDA procedure whereby a purchaser would be put on notice of the USDA lien.

According to Act § 44108, a conveyance that is not recorded with the FAA is only valid against (1) the person making the conveyance, (2) that person's heirs or (3) person having notice. Here, the TWA estate does not fall within any of these exceptions and therefore the TWA estate is deemed a bona fide purchaser with authority under Code § 545(2) to avoid the lien.

The USDA claims that giving effect to the recordation requirement of Act will "repeal by implication the USDA's lien." (Doc. # 17 at 20.) The public notice re-quirement, however, does not nullify the statutory lien imposed by § 136a and its binding effect on the property owner and certain of its successors and parties with actual notice. The Act is not in direct conflict with § 136a, since § 136a does not address recordation or perfection; a § 136a statutory lien is still created, albeit with limited application, by the failure of a debtor to pay the inspection fees. Accepting the USDA position would have the effect of creating a specific exemption to the application of Code § 545(2) without any clear statutory or case law authority supporting such a result.[3]

The USDA also alleges that its liens are not eligible for recording because of the nature of the assets that are subject to the lien. The regulation for the FAA recording statute states that "[a] conveyance is eligible for recording under this subpart only if . . . the following requirements are met: . . . (b) It describes the aircraft by make and model, manufacturer's serial number, and United States registration number, or other detail that makes identification possible." 14 C.F.R. § 49.33. The USDA claims that because § 136a only

signment of mortgage, or other instrument affecting title to, or interest in, property. A notice of Federal tax lien is not recordable under this part, since it is required to be filed elsewhere by the Internal Revenue Code . . . .
14 C.F.R. § 49.17(a).

**3.** The USDA cites two cases that found secret statutory liens unavoidable by the trustee under Code § 545(2). *Saslow v. Andrew (In re Loretto Winery, Ltd.)*, 898 F.2d 715 (9th Cir. 1990); *Bay State Yacht Sales, Inc. v. Squantum Engine & Serv. Co., Inc. (In re Bay State Yacht Sales, Inc.)*, 117 B.R. 16 (Bankr. D.Mass.1990). I am not persuaded by these decisions. Both decisions turned on the application of rather unique laws designed to give special priority treatment to purveyors of certain goods and services. Indeed, the *Bay State Yacht Sales* decision, involving federal maritime liens, rests on a 1923 Supreme Court declaration of the unique status of a maritime lienholder in language that clearly precludes the application of Code § 545(2). Even as to maritime liens the federal statute was amended in 1989 to allow for the recordation of such liens with the Secretary of Transportation. *See* 46 U.S.C. § 31343. I would also note the strong dissenting opinion in *Loretto* which criticized the majority and a number of Fifth Circuit similar holdings as not "acknowledge[ing] the impact of a policy against secret liens" and finding "the Third Circuit's reasoning in *Mission Marine Associates* [633 F.2d 678 (3d Cir.1980)] to be more persuasive . . ." *Loretto Winery*, 898 F.2d at 725. In *Mission Marine Associates* the Third Circuit found for the trustee in the application of the predecessor of Code § 545(2) based on "policy concerning protection of bona fide purchasers against secret non-possessory liens . . ." *Mission Marine*, 633 F.2d at 681.

requires "TWA to provide the USDA with only limited information including the number of arrivals and the amount owed," (Doc. # 17 at 22), it is not eligible for recording under the FAA statutes. But the regulations interpreting the FAA statutes do not address eligibility, they merely set forth the requirements to record. The USDA lien is eligible for recording and the USDA has made no showing here that it could not, by appropriate regulation, obtain the necessary information to enable it to properly record its lien under the Act.[4]

## CONCLUSION

For the reasons set forth above, TWA's summary judgment motion is granted.

## ORDER

For the reasons set forth in the Court's Memorandum Opinion of this date, the TWA Inc. Post Confirmation Estate's motion for summary judgment (Doc. # 16), is **GRANTED.** The USDA's claim (Claim No. 821600) is reclassified from secured to unsecured.

---

**4.** Presumably, the USDA authority to promulgate such a regulation resides in 5 U.S.C. § 301.