The FIRST NATIONAL BANK OF CARTERSVILLE

v.

Lamar B. HILL

v.

UNITED STATES of America.

Civ. A. No. 2422.

United States District Court,
N. D. Georgia,
Rome Division.

May 12, 1976.

Frank D. (Tony) Smith, Jr., Neel & Smith, Cartersville, Ga., for plaintiff.

Donald Gettle, Gettle, Fraser & Berthold, Atlanta, Ga., for defendant Hill.

William D. Mallard, Jr., Asst. U. S. Atty., Atlanta, Ga., for the U. S.

## ORDER

O'KELLEY, District Judge.

By order dated December 22, 1975, this court held that the federal tax lien of the United States took priority over the equitable liens claimed by the First National Bank of Cartersville [hereinafter referred to as the "Bank"] as to certain property in the name of Lamar Hill which was allegedly purchased with proceeds of funds he embezzled from the Bank. *See First National Bank of Cartersville v. Hill*, 406 F.Supp. 351 (N.D.Ga.1975). The Bank now moves this court for reconsideration of that order, alleging that such interpretation of the relative priorities would result in the Bank's being denied due process of law. There is also before the court a motion of the Commercial Bank & Trust Company of Griffin, Georgia, for leave to file an amicus curiae brief in support of the Bank's motion for reconsideration. The Commercial Bank & Trust Company is involved in other litigation in this court which involves similar issues. The motion for leave to file an amicus brief is GRANTED.

The United States has not responded to the Bank's motion for reconsideration but has filed a motion for partial summary judgment as to certain other property or funds of Lamar Hill which is in the possession of the Bank securing several of his promissory notes. The United States seeks to obtain priority on the excess of any amounts necessary to satisfy such promissory notes.

The facts of this case are set out in the December 22, 1975, order. Briefly, Lamar Hill was the president of the Bank, and

during such tenure he embezzled approximately $4,700,000 from the Bank. The United States made assessments for Hill's unpaid tax liabilities plus interest and penalties on these embezzled monies in an amount over $3,600,000 and duly filed the notice of federal tax liens. Judgments have been entered against Hill in favor of the United States for over $4,000,000 and in favor of the Bank for over $5,800,000. The question before the court initially, and now on the motion for reconsideration, is the relative priority of the federal tax liens vis-a-vis the constructive trusts claimed by the Bank on property purchased by Hill, allegedly with the embezzled funds.

■ In the December 22, 1975, order, this court noted that federal rather than state law governed in determining whether a state-created lien is sufficiently choate so as to prevail over a federal tax lien, *see United States v. Pioneer American Ins. Co.*, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963); *United States v. Morrison*, 247 F.2d 285 (5th Cir. 1957), and held that at the time of the filing of the federal tax lien in the case *sub judice* the property subject to the Bank's lien had not yet been established and the amount of the lien had not been established so as to take priority over the tax lien. In so holding, this court relied on *United States v. Pioneer American Ins. Co., supra; City of Dallas v. United States*, 369 F.2d 645 (5th Cir. 1966); and *United States v. Morrison, supra.* Each of these cases dealt with situations where the federal tax lien was being sought against the property of the taxpayer. *Pioneer American Ins. Co.* dealt with a provision for attorney's fees in a mortgage on the taxpayer's property. *City of Dallas* dealt with a city tax lien on the taxpayer's property and *Morrison* dealt with an equitable vendor's lien for the unpaid purchase price of property purchased by the taxpayer. It has now been pointed out to the court by the amicus curiae that while federal law determines whether a state lien is sufficiently choate so as to defeat a federal tax lien, it must first be determined whether the taxpayer had property or a right to property to which the

federal tax lien could attach, and this is a matter of state law. The extent of Hill's property interest in the property he allegedly purchased with proceeds of the embezzled funds was not considered in this court's December 22, 1975, order. It is contended that if Hill had no property interest in property purchased with embezzled funds, then there would be no property to which the federal tax lien could attach.

■ As to the principle that state law determines the question of the taxpayer's property rights to which a federal tax lien can attach, the Supreme Court very succinctly stated the rule in *Aquiliano v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960):

> The threshold question in this case, as in all cases where the Federal Government asserts its tax lien, is whether and to what extent the taxpayer had "property" or "rights to property" to which the tax lien could attach. In answering that question, both federal and state courts must look to state law, for it has long been the rule that "in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property . . . sought to be reached by the statute." [Footnote and citation omitted.]

*Id.* at 512–513, 80 S.Ct. at 1280, 4 L.Ed.2d at 1368. *See also United States v. Durham Lumber Co.*, 363 U.S. 522, 80 S.Ct. 1282, 4 L.Ed.2d 1371 (1960); *United States v. Hershberger*, 475 F.2d 677 (10th Cir. 1973); *Ideco Division of Dresser Industries, Inc. v. Chance Drilling Co.*, 422 F.2d 165 (5th Cir. 1970); *United States v. Gurley*, 415 F.2d 144 (5th Cir. 1969). The import of this is that a federal tax lien can only attach to a property interest of the taxpayer which exists under state law, and if the taxpayer does not own the property or have rights to the property under state law, then the federal tax lien could not attach to such property, and, thus, the federal tax lien could not take precedence over the person with the rights of ownership in the property. In *Aquilino*, the Court dealt with a situation

where subcontractors claimed a right to monies owed the contractor by the owner. The United States was seeking to enforce a tax lien on all property of the contractor. The Court noted that such claims of the subcontractors were not choate but held that if, under the applicable New York law, the contractor were found to hold the monies in trust for the subcontractors, then the contractor would not have such a property interest that the federal tax lien could attach. In *Durham*, the Court also held that where a general contractor did not have a property interest in the total amount due under a construction contract, the federal tax lien could attach only to that amount of funds which "remain unpaid after the owners have deducted a sum sufficient to pay the subcontractors." 363 U.S. at 526, 80 S.Ct. at 1284, 4 L.Ed.2d at 1374. In *Hershberger*, the Tenth Circuit held that where a wife owned an undivided one-half interest in homestead property under Kansas law, a federal tax lien against the husband could not attach to such interest. This holding was based on the fact that under state law, the wife had a present property interest rather than merely an exemption. In *Gurley*, the Fifth Circuit held that a federal tax lien could not attach to property of the taxpayer if such property were held as an estate by the entireties since under applicable Florida law, such an estate could not be charged with the individual debts of either spouse. In *Dennis v. United States*, 372 F.Supp. 563 (E.D.Va. 1974), the district court held that a federal tax lien could not attach to monies held by the taxpayer which had been embezzled from the owner since under the common law, no title passed to the embezzler, and, thus, the taxpayer did not have a right of ownership to which the tax lien could attach.

■ It is a general rule of common law that no title is acquired by an embezzler, but that such title remains in the victim, who is the beneficial owner of a constructive trust which is imposed on such monies or on property purchased with such money. 38 A.L.R.3d 1354; *Dennis v. United States,*

*supra.* This is also the rule in Georgia. *Adams v. McGehee*, 211 Ga. 498, 86 S.E.2d 525 (1955); *Luther v. Clay*, 100 Ga. 236, 28 S.E. 46 (1897). In such a situation, the property remains that of the original owner, and the embezzler holds such property as the constructive trustee of the owner. *Adams v. McGehee, supra; Luther v. Clay, supra; cf. Murray County v. Pickering*, 196 Ga. 208, 26 S.E.2d 287 (1943); *Stover v. Atlantic Ice & Coal Corp.*, 154 Ga. 228, 113 S.E. 802 (1922). Where the constructive trustee has invested such funds or has purchased other property, the real owner can follow it wherever it can be traced. *Adams v. McGehee, supra; United States Fidelity & Guaranty Co. v. Richmond County*, 174 Ga. 599, 163 S.E. 482 (1932); *Knight v. Knight*, 75 Ga. 386 (1885).

■ Since it is undisputed that Hill embezzled approximately $4,700,000 from the Bank, it is clear that he obtained no title to or property rights in these funds and that he obtained no rights to any property which was purchased with these embezzled funds but would instead hold the same as constructive trustee for the Bank, who is the rightful owner. Since a federal tax lien can attach only to a property interest of the taxpayer which exists under state law, it is clear that the federal tax liens now in issue could not attach to any of the subject property if such property were purchased with proceeds from the embezzlement. Accordingly, this court's order of December 22, 1975, holding that the United States has priority to the subject property is vacated and set aside, and the motion of the United States for partial summary judgment is DENIED. The Bank must have the opportunity to establish that the property in question was purchased with the embezzled funds. To the extent that the Bank can establish this, no federal tax lien can attach to such property.

The latest motion for partial summary judgment filed by the United States seeking priority on the excess of any amount obtained from the sale of property or from funds presently held by the Bank to secure certain promissory notes must also be de-

nied for the same reasons discussed above. If the Bank can establish that the property and funds held by it to secure the above-noted promissory notes were obtained by Hill with embezzled funds, no federal tax lien can attach thereto. Accordingly, the motion of the United States for partial summary judgment filed March 9, 1976, is DENIED.

· The clerk of court is hereby directed to set this case (including the pending companion cases) for trial commencing July 7, 1976.