**In re TAYLOR'S OF ST. PETERSBURG, INC., d/b/a Gold Doctor, Debtor.**

**TAYLOR'S OF ST. PETERSBURG, INC., d/b/a Gold Doctor, Plaintiff,**

**v.**

**Elaine J. GUGINO and Everett Rice, Agent/Sheriff, the Pinellas County Sheriff's Department, Defendant.**

**Bankruptcy No. 89–9640–8P1.
Adv. No. 90–019.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 30, 1990.

594

James Heptner, Tampa, Fla., for plaintiff.

R. Patrick Mirk, Tampa, Fla., for defendant.

ORDER ON VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 11 case, and the matter under consideration is a verified Motion filed in an adversary proceeding styled, Taylor's of St. Petersburg, Inc., d/b/a Gold Doctor (Debtor) v. Elaine J. Gugino (Gugino) and Everett Rice, Agent/Sheriff, The Pinellas County Sheriff's Department (Sheriff), Adversary Proceeding No. 90–019. The Debtor's Motion, presented on an emergency basis, seeks a temporary restraining order and a preliminary injunction enjoining the Defendants from continuing to withhold certain properties seized from the Debtors' [sic] possession.

The underlying facts relevant to resolving the issue raised in the Complaint for turnover and the Verified Motion are basically without dispute and could be summarized as follows:

On June 2, 1988, Robert Moss Taylor (Taylor) filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. On August 8, 1988, Gugino filed a Complaint and sought a determination from this Court that the debt Taylor allegedly owed her was a nondischargeable obligation and should be excluded from the overall protective provisions of the general bankruptcy discharge. On June 29, 1989, this Court entered its Findings of Fact, Conclusions of Law and Memorandum Opinion in which it concluded that Taylor's debt to Gugino was a nondischargeable obligation pursuant to § 523(a)(2)(A) of the Bankruptcy Code. The Final Judgment was entered on October 19, 1989. On November 14, 1989, this Court entered an Order on Gugino's Motion for clarification and reconsideration, which actually was a Motion for Relief from the Automatic Stay imposed by § 362(a) of the Bankruptcy Code. The Order modified the automatic stay and authorized Gugino to resume prosecution of her then-pending lawsuit against Taylor, the Debtor, and his wife, who was not a debtor, in the Pinellas County Circuit Court.

The only claims Gugino asserted in the Circuit Court action against the Debtor were twofold: First, she sought to replevy certain goods of the Debtor to satisfy a $1,300 claim against the Debtor; second,

she sought to recover $33,000 which she allegedly lent to the Debtor. The Summary Judgment was entered against the Debtor based on the replevin claim, which the Debtor promptly satisfied by paying Gugino $1,300. The Summary Judgment did not dispose of the second claim.

In November 1989, counsel for Gugino filed a Motion for Leave to Amend her Complaint against the Debtor by asserting a violation of the Bulk Sales Statute, Article 6 of the Uniform Commercial Code, as adopted by this state by Fla.Stat. 676.6–101, et seq., and a fraudulent transfer claim based on Fla.Stat. 726.101, et seq. The Motion was granted, however, an amendment was never filed. Therefore, the only claim pending against the Debtor at this time is based on a loan in the amount of $33,000 which Gugino claims to have made to the Debtor. This, of course, is nothing more than a simple unsecured claim which can only be asserted in a bankruptcy court where the case is pending, and not in a non-bankruptcy forum.

On December 21, 1989, Gugino filed a Motion in the pending civil suit in the Circuit Court of Pinellas County, and sought a pre-judgment writ of attachment and writ of garnishment. The Circuit Court considered the Motion ex parte and granted the Motion. The writ was issued, and promptly delivered to the Sheriff for execution. The Sheriff then proceeded forthwith and served the writ, and removed from the Debtor's premises all moveable, tangible properties, with some exceptions. The majority of the seized goods was already outside of the premises packed in boxes when the Debtor filed his Petition for Relief under Chapter 7 late that afternoon. The seizure included practically all equipment, books, records, checks, cash in the drawer and inventory of the Debtor, which was operating a retail jewelry store, selling and repairing jewelry. The seizure by the Sheriff effectively put the Debtor out of business a few days before Christmas. The Sheriff made a list of the items seized, including inventory, also jewelry left for repair by customers. The list of items seized was attached to the Plaintiff's Complaint and Motion. Counsel for Gugino

also served the writ of garnishment on the bank where the Debtor has an account and the Bank promptly froze the account. At the time the writ was served on the Court, there was a balance in the account of approximately $11,000. The Debtor sought to dissolve the pre-judgment writ of garnishment in the Circuit Court. At the hearing on its Motion, no evidence was presented and the Circuit Court denied the Motion. The Debtor then filed a Motion for Rehearing which is pending in the Circuit Court. On January 16, 1990, the Debtor filed the Complaint for Turnover and the Verified Motion for Temporary Restraining Order and for Preliminary Injunction. Based on the claimed emergency, this Court consented to consider the Verified Motion on telephonic notice.

On January 17, this Court heard argument of counsel in support of and in opposition to their respective positions. In defense of the relief sought by the Motion, counsel for Gugino contends that this Court lacks jurisdiction because the Defendant was not served with the Complaint, and it would therefore be improper for this Court to entertain the Debtor's request for relief. While the Debtor's counsel stated for the record that the Complaint was served, it appears that the clerk did not issue a summons at the time the hearing was held. Therefore, this Court is satisfied that the Complaint was not served when this hearing was held. This Court is satisfied, however, that it is proper to consider the Motion because no written notice is required when a party seeks a temporary restraining order under certain specified conditions set forth in Fed.R.Civ.P. 65(b), as adopted by Bankr.Proc. Rule 7065.

It is the contention of the Debtor's counsel that the Defendants are the "custodians" of the Debtor's property, therefore, they must deliver the properties to the Debtor's estate pursuant to § 543 of the Bankruptcy Code, unless excused from compliance pursuant to § 543(d)(1) or (2) of the Code. However, the Plaintiff's reliance on § 543 is misplaced for the following reasons:

■ Section 101(10) defines the term "custodian" as follows:

§ 101. Definitions

(10) "custodian" means—

(A) receiver or trustee of any of the property of the debtor, appointed in a case or proceeding under this title;

(B) assignee under a general assignment for the benefit of the debtor's creditors; or

(C) trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors; . . . .

The plain reading of this definition of the term "custodian" leaves no doubt that neither Gugino nor the Sheriff are custodians within the meaning of that term as defined by § 101(10)(A) of the Code. Gugino is clearly not a custodian for two reasons: first, she does not fall into any of the definitions of the term "custodian"; and second, she does not have possession of the property seized. Neither is the Sheriff a custodian governed by § 543 of the Bankruptcy Code. He was not appointed as receiver or as a trustee. Neither is the Sheriff an assignee for the benefit of the debtor's creditors, nor is he an agent authorized to take charge of the Debtor's property for the purpose of enforcing a lien against such property, or for the purpose of general administration for the benefit of creditors of the Debtor. The Sheriff was only acting on behalf of Gugino and was not acting on behalf of *all* the debtor's creditors. The Sheriff seized property on a writ of prejudgment attachment. Because no judgment has been entered on Gugino's claim, there is no vested lien or existing lien which could be enforced at this time.

■ This leaves for consideration whether or not the Debtor is entitled to relief, i.e., the return of the property seized by the Sheriff pursuant to any other provisions of the Bankruptcy Code. This question can only be answered in turn by finding and determining whether or not the properties seized were at the time of seizure properties of the estate. This is so because § 542(a) of the Bankruptcy Code commands that any entity other than the custodian who has possession, custody or control of the properties of the estate shall deliver to the trustee and account for such property.

Section 541(a)(1) defines the "estate" as comprised of all the following properties, wherever located: all legal or equitable interest of the Debtor in property as of the commencement of the case. The legislative history of this Section leaves no doubt that Congress intended the definition of the term "properties of the estate" to have the broadest possible scope. As noted in the *Congressional Record, 124 Con Rec 32399, 32417 (1978) (remarks of Rep. Edwards); id., at 33999, 34016–34017 (remarks of Sen. DeConcini).* Section 541(a)(1) speaks in terms of the debtor's "interests . . . in property," rather than property in which the debtor has an interest, but this choice of language was not meant to limit the expansive scope of the section. The legislative history indicates that Congress intended to exclude from the estate property of others in which the debtor had some minor interest such as a lien or bare legal title. Thus, there is hardly any doubt that the properties seized by the Sheriff in this instance were, and still are, properties of the estate.

The Supreme Court of the United States, considering a similar question in the case of *U.S. v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), held that the reorganization estate includes property of the debtor that has been seized by a creditor prior to the filing of a petition even though in that particular case, the property was seized by the Internal Revenue Service to enforce a valid and existing tax lien. As the court noted:

(a) Both the congressional goal of encouraging reorganization of troubled enterprises and Congress' choice of protecting secured creditors by imposing limits or conditions on the trustee's power to sell, use, or lease property subject to a

secured interest, rather than by excluding such property from the reorganization estate, indicate that Congress intended a broad range of property, including property in which a creditor has a secured interest, to be included in the estate.

It is evident from the foregoing that if the properties are seized on behalf of a secured creditor who has a valid and presently enforceable lien, the properties must be returned to the estate, clearly, property of the estate seized on behalf of a general unsecured creditor is also subject to the turnover provisions of § 542(a) of the Bankruptcy Code. After all, as noted earlier, the Sheriff seized these properties on a writ of a pre-judgment attachment and garnishment, which writ has legal force only during the pendency of an underlying lawsuit and in the event the Plaintiff ultimately fails to establish the claim asserted in the lawsuit, the attachment and the garnishment would automatically dissolve. The underlying lawsuit is merely an attempt by Gugino to obtain a money judgment against this particular Debtor. Her suit, for all practical purposes, can no longer be prosecuted because of the intervention of bankruptcy. As a result, the legal existence and enforceability of the prejudgment attachment and garnishment is also destroyed. From all these it follows that the only remedy she has at this time against this Debtor is to file a general proof of claim, a claim which would be treated in the same fashion as the claims of the other unsecured creditors of this Debtor. Whether or not she might obtain relief under some other legal theory is not before this Court but it is clear that she does not have, at this time, any cognizable interest in the property seized by the Sheriff on her behalf.

Based on the foregoing, this Court is satisfied that the Sheriff has the affirmative duty to deliver forthwith all the properties seized from the Debtor pursuant to the prejudgment writ of attachment. However, in light of the fact that Gugino does not have possession and control of the property seized, albeit on her behalf, it is unnecessary to consider any relief sought against her at this time. Neither can any relief be granted to the Debtor at this time concerning the bank account which was garnished for the simple reason that the bank where the funds are frozen has not been made a party to this action.

One last comment. Technically, the matter under consideration is only a Verified Motion for Injunctive Relief. In reality, however, the relief granted to the Debtor is the ultimate relief which it seeks, i.e., the return of the properties seized. Therefore, it is appropriate to enter a Final Judgment in favor of the Plaintiff and against the Sheriff and Gugino.

A separate Final Judgment will be entered in accordance with the foregoing.