CENTRAL BANK OF TAMPA,
a State Chartered Banking
Institution, Plaintiff,

v.

UNITED STATES of America; America
Cruising Yacht Corporation; Ted Irwin;
Irwin Yacht and Marine Corporation;
Kirk Whalen; John Swisher, Defendants.

No. 92–1389–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 6, 1993.

Paul Gerard McDuffee, II, Law Offices of Paul G. McDuffee, II, Tampa, FL, for plaintiff.

Michael A. Cauley, U.S. Attys. Office, M.D. FL, Tampa, FL, David N. Geier, U.S. Justice Dept., Tax Div., Washington, DC, for defendant U.S.

Dennis Jay Levine, Cramer, Haber, McDonald & LeVine, P.A., Tampa, FL, for defendant America Cruising Yacht Corp.

John Edwin Swisher, Dillinger & Swisher, P.A., St. Petersburg, FL, for defendants Ted Irwin and Irwin Yacht & Marine.

Robert Casassa, Langford, Hill, Mitchell, Trybus & Whalen, P.A., Tampa, FL, for defendant Kirk Whalen.

John Edwin Swisher, pro se.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on motion for summary judgment filed by Defendants Ted Irwin, Irwin Yacht and Marine Corporation and John Swisher. The present action for interpleader, commenced in state court, was removed to this Court by Defendant, the United States.

█ Federal Rule of Civil Procedure 56(c) provides that the trial judge shall grant summary judgment if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), *quoting Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969).

█ When a properly supported motion for summary judgment is made, the nonmoving party must show specific facts which indicate there is a genuine issue for trial. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Specifically, the Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

█ Accordingly, the non-moving party must go beyond the pleadings and offer specific facts through affidavits, depositions, answers to interrogatories, or admissions on file which show there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552. The evidence offered by the non-moving party in response to a motion for summary judgment must establish the existence of a genuine issue of material fact by the substantive evidentiary standard of proof that would apply at the trial on the merits. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

Applying the standard set out above, this Court finds that, although there appears to be no genuine issue of material fact, the motion for summary judgment must be denied as a matter of law.

*FACTS:*

On January 14, 1992, the case of *Ted Irwin and Irwin Yacht and Marine Corporation v. America Cruising Yacht Corporation,* Case No. 92–272–17 was filed in the Sixth Judicial Circuit in and for Pinellas County, Florida. The plaintiffs in that action requested injunctive relief, eviction, and damages in the amount of $18,000.00 per month for unpaid rent on rental property, as well as royalties due for vessels sold by America Cruising Yacht Corporation. Prior to final disposition of the case, the plaintiffs in that action filed an Emergency Petition on January 21, 1992 seeking an order enjoining the transfer of two vessels owned by America Cruising Yacht Corporation. On January 28, 1992, the state circuit court entered an order granting the Emergency Petition and enjoining the transfer of two vessels owned by America Cruising Yacht Corporation.

The plaintiff then filed a Motion to Deposit Money into the Registry of the Court on February 24, 1992. The motion was directed toward various cashier's checks purchased by America Cruising Yacht Corporation that were made payable to either Ted Irwin or Irwin Yacht and Marine Corporation. At the time the motion was filed these checks were in the possession of the attorney for America Cruising Yacht Corporation. On April 1, 1991, upon oral motion of America Cruising Yacht Corporation, an Order was entered by the state court releasing one of the vessels and requiring counsel for America Cruising Yacht Corporation therein to hold the $52,-

000.00 in cashier's checks made payable to Ted Irwin and Irwin Yacht and Marine Corporation.

On September 31, 1991 and December 31, 1991, prior to the initiation of the action in state court, a duly authorized delegate of the Secretary of the Treasury assessed federal income taxes against Defendant, America Cruising Yacht Corporation in the amount of $38,542.76 and $40,589.76, respectively. On April 9, 1992, a Notice of Levy from the Department of Treasury–Internal Revenue Service was received by Kirk Whalen, counsel for the defendant in the state action. A Notice of Federal Tax Lien outlining those tax liabilities was filed in the public records for Pinellas County, Florida, on August 7, 1992.

Counsel for America Cruising Yacht Corporation, who was ordered by the court to hold the cashier's checks, filed a Motion to Release Funds, which was denied on July 23, 1992. Prior to rendering that order denying the Motion to Release Funds, the state court ordered the funds held to be deposited in a joint account with counsel for the plaintiff. The funds were deposited with Central Bank of Tampa.

On October 21, 1992, as part of the final judgment in the case, the state court ordered that the money held in the joint account, be released to plaintiffs Ted Irwin and Irwin Yacht and Marine Corporation. In that order, the state court also declared that the funds did not belong to the defendant, America Cruising Yacht Corporation at the time that the Notice of Levy was received by defendant's attorney.

The present action for interpleader was commenced by Central Bank of Tampa due to the competing claims to the funds deposited with the bank. The action was removed from state court, and is now before this court, upon motion by Defendant, United States.

*DISCUSSION:*

■ Under Sections 6321 and 6322 of the Internal Revenue Code, 26 U.S.C. § 6321, § 6322, (hereinafter "the Code") the United States obtains a perfected lien upon all property of the taxpayer from the date of assessment. *Capuano v. United States,* 955 F.2d 1427, 1429 (11th Cir.1992). However, federal tax liens are not self-executing, and affirmative action is required by the Internal Revenue Service in order to enforce the collection of the unpaid taxes. *United States v. National Bank of Commerce,* 472 U.S. 713, 719, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985). Additionally, federal tax liens do not have automatic priority over all other liens, as such priority is determined by the common law principle that "the first in time is the first in right." *United States By and Through Internal Revenue Service v. McDermott,* —— U.S. ——, ——, 113 S.Ct. 1526, 1528, 123 L.Ed.2d 128 (1993). Therefore, affirmative action is also required in order for a tax lien to have priority over a choate lien that may come into existence after the perfection of the tax lien. *United States v. Jenison,* 484 F.Supp. 747, 755 (1980).

■ Sections 6323(a) and (f) of the Code indicate that a lien imposed by Section 6321 of the Code will not be valid against any purchaser, holder of security interest, mechanic's lienor, or judgment lien creditor until notice of the lien is filed in the state in which the property subject to the lien is situated. A creditor that achieves the status of a judgment lien creditor before the filing of the government's notice of tax lien has priority over the United States regarding the property subject to the judgment lien, even if the tax assessment which perfected the tax lien occurred before the judgment was rendered. *Jenison,* 484 F.Supp. at 755. However, once a notice of tax lien is filed in the proper forum, the tax lien takes priority over subsequent judgment lien creditors. *Id.*

■ In the present action, the United States filed the required Notice of Tax Lien on August 7, 1992. The judgment rendered by the state court in favor of interpled Defendants Ted Irwin and Irwin Yacht and Marine Corporation was not entered until October 21, 1992. Clearly, the judgment occurred after the date that the federal tax lien had obtained priority over judgment liens or other choate liens. As a result, the tax lien held by the United States superseded any interest that Ted Irwin and Irwin Yacht and

Marine Corporation gained in property held by America Cruising Yacht Corporation at the time of the judgment rendered by the state court. However, due to the complexity of the factual situation this finding does not entirely resolve the matter.

One remaining question centers around the state court's order, prior to entry of final judgment, requiring the funds in dispute to be held and then deposited in a joint account pending the outcome of the case. There is also some question surrounding the ownership of the cashier's checks at the time that the federal tax lien was assessed and perfected. However, neither of these questions raises a factual issue, and both are properly resolved through analysis and application of state and federal law.

■ As previously indicated, under Section 6323(a) of the Internal Revenue Code, a federal tax lien does not take priority over a security interest until the tax lien is properly filed. Initially, the non-final order by the state court leads to the question of whether Ted Irwin and Irwin Yacht and Marine Corporation had an interest in or claim to the funds that would be considered a security interest prior to the filing of the tax lien. A security interest exists, according to Section 6323(h)(1) of the Code, if the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and the holder of the interest has parted with money or money's worth. To determine whether the state court's pre-judgment attachment of the funds created a security interest which would defeat the subsequently filed tax lien, the Court may look to both federal and state law.

■ Although state law determines the nature or existence of the property interests to which a federal tax lien may attach, federal law determines whether a state lien is sufficiently choate to defeat a federal tax lien. *First National Bank of Cartersville v. Hill,* 412 F.Supp. 422, 424 (1976), *see also Illinois v. Campbell,* 329 U.S. 362, 371, 67 S.Ct. 340, 345, 91 L.Ed. 348 (1946). The Supreme Court of the United States determined, in *United States v. City of New Britain,* 347 U.S. 81, 84, 74 S.Ct. 367, 369, 98 L.Ed. 520

(1954), that in order for a lien to defeat a subsequently filed federal tax lien, the lien must be perfected to the degree that nothing more must be done to have a choate lien. Specifically, in *New Britain* the Supreme Court stated that the identity of the lienor, the property subject to the lien, and the amount of the lien must be established. *Id.* To determine those factors, a showing that the lienor "... has power to bring these elements, or any of them, down from broad generality to the earth of a specific identity" is not sufficient. *People v. Campbell,* 329 U.S. 362, 375, 67 S.Ct. 340, 347, 91 L.Ed. 348 (1946).

■ Based on the requirements identified by the Court in *New Britain,* a pre-judgment attachment remains inchoate up until the time of judgment because the amount of the lien has not been conclusively established. *United States v. Jenison,* 484 F.Supp. 747, 755 (1980) (in order for pre-judgment attachment to have priority over a federal tax lien, judgment must be entered before the notice of lien is filed); *Crocker National Bank v. Trical Manufacturing Co.,* 523 F.2d 1037, 1039 (a pre-judgment attachment gives the attaching creditor an inchoate lien contingent on the outcome of the suit); *In re Taylor's of St. Petersburg, Inc.,* 110 B.R. 593 (M.D.Fla.1990) (prior to judgment there is no vested lien or existing lien which can be enforced). The fact that the plaintiffs in the state action alleged that monies were owed, and the subsequent order by the state court requiring certain funds to be held, are not sufficient to establish the amount of the lien according to the *Campbell* standard.

■ Despite the fact that federal law controls the question of the status of a lien, the Court may also give weight to Florida law. *Campbell,* 329 U.S. at 371, 67 S.Ct. at 345. Although this is not necessary in order to dispose of the issue, an analysis of the state law supports the conclusion reached under federal law. According to the law in Florida, a lien on the property of a judgment debtor is not created by proper recording of a judgment. *In re Belize Airways Ltd.,* 20 B.R. 817, 820 (S.D.Fla.1982). Instead, Florida law comports with the common law rule

that an execution lien is obtained on the debtor's personal property when the writ of execution is delivered to the sheriff of that county. *Id.* The fact that Florida does not protect a lien created by the filing of a final judgment, is further evidence that pre-judgment attachment to personal property that is the subject of disputed entitlement, does not create a lien sufficiently choate to have priority over a subsequently filed federal tax lien.

From the above analysis it is clear that, upon proper filing, the federal tax lien has priority not only over the judgment lien of Ted Irwin and Irwin Yacht and Marine Corporation, but also over any pre-judgment interest those parties obtained when the state court ordered the funds to be held. However, the movant contends that their interest in the funds is protected even if the tax lien was filed prior to the perfection of that interest, based on the protection of certain security interests set out in Section 6323(c)(1) of the Code. The Court finds this argument to be unfounded as well. Although Section 6323(c)(1)(B) of the Code protects certain security interests which come into existence after the filing of a federal tax lien, the judgment lien obtained by the movant does not fall into the protected category.

Under Section 6323(c)(1)(B) of the Code a security interest created after the filing of the federal tax lien is protected against subordination to the tax lien if, at the time of the filing of the tax lien, local law protected that security interest from judgment liens arising from unsecured obligations. However, in order for Section 6323(c)(1)(B) to apply, the lien must also fall into one of the categories outlined in Section 6323(c)(1)(A), as those subsections operate in tandem. There is nothing in the record to indicate that the property in question falls under 6323(c)(1)(A), and therefore, the protection afforded by 6323(c)(1) does not appear to be applicable. Moreover, even if the movant could show that Section 6323(c)(1)(A) applied, Section 6323(c)(1)(B) does not protect the judgment lien obtained by the movant. That subsection is inapplicable because the local law afforded no protection to that interest prior to, or at the time of, the filing of the tax lien.

The funds at issue were being held by counsel for America Cruising Yacht Corporation pursuant to an order of the state trial court, at the time that the tax lien was filed. The law in Florida is quite clear that there is no judicial authority for an order requiring the deposit of an amount in controversy into the registry of the court, or for any restraint on the use of the defendant's unrestricted assets. *CMR Distributors v. Resolution Trust Corp.,* 593 So.2d 593, 594 (Fla. 3rd DCA1992); *Konover Realty Associates, Ltd. v. Mladen,* 511 So.2d 705, 706 (Fla. 3rd DCA1987); *Ramos v. Stabinski & Funt, P.A.,* 494 So.2d 298 (Fla. 3rd DCA1986); *Wincast Associates, Inc. v. Hickey,* 320 So.2d 17 (Fla. 4th DCA1975). Although there are statutory means in Florida to obtain attachment or garnishment, the specific requirements were not met by the allegations set out in the complaint filed by Ted Irwin and Irwin Yacht and Marine Corporation. *See,* § 76.01 et seq., and § 77.031, Florida Statutes (1991). Absent judicial authority over the funds in question prior to the entry of final judgment, the judgment lien obtained by Ted Irwin and Irwin Yacht and Marine Corporation, prior to perfection, was not protected by local law against judgment liens of any sort.

The movant's argument concerning the ownership of the property at the time that the Notice of Tax Lien was filed is also not persuasive, and is refuted by the fact that a federal tax lien arises when the tax assessment is made. *United States v. National Bank of Commerce,* 472 U.S. 713, 719, 105 S.Ct. 2919, 2923, 86 L.Ed.2d 565 (1985). The tax assessments against America Cruising Yacht Corporation were made on March 16, 1992 and May 4, 1992. The final judgment in favor of Ted Irwin and Irwin Yacht and Marine Corporation was not entered until October 21, 1992, and there is nothing on the record to indicate that interest has been perfected under Florida law. Since Florida law does not recognize judicial authority to restrain the defendant's use of unrestricted assets prior to final judgment, the funds in question remained the property of America Cruising Yacht Corporation prior to the entry of final judgment in favor of Ted Irwin and Irwin Yacht and Marine Corporation.

Moreover, any possible interest in the funds that Ted Irwin or Irwin Yacht and Marine Corporation might have obtained through the prejudgment order by the state court, is not sufficient to eclipse all of America Cruising Yacht Corporation's interest in the funds. The fact that another party may have a claim to the property in question does not automatically defeat the attachment of a federal tax lien to that property. *United States v. National Bank of Commerce,* 472 U.S. 713, 728, 105 S.Ct. 2919, 2928, 86 L.Ed.2d 565 (1985).

That conclusion is not altered by the fact that the cashier's checks were made payable to Ted Irwin and Irwin Yacht and Marine Corporation prior to the order by the state court which required the funds to be held. As indicated above, state law determines the interest or ownership of the property to which a federal tax lien may attach. *First National Bank,* 412 F.Supp. at 424. In Florida, a payee on a cashier's check has no interest in the check until it is delivered to him. *Lawrence v. Central Plaza Bank and Trust Company,* 469 So.2d 201, 204 (Fla. 2d DCA1985). In addition, under Florida law, the purchaser of cashier's checks retains an ownership interest in the funds represented by the checks until they are delivered to the payee. *Id.* Since the cashier's checks were not delivered to them, Ted Irwin and Irwin Yacht and Marine Corporation did not have an interest in the checks that would take priority over the federal tax lien. The fact that the undelivered cashier's checks were purchased by America Cruising Yacht Corporation also indicates that company held an interest in the funds represented by the checks to which the federal tax lien could attach.

Although there does not appear to be any genuine issue regarding material facts, the Court denies the Motion for Summary Judgment as a matter of law. Accordingly, it is

ORDERED that the motion for summary judgment filed by Defendants Ted Irwin, Irwin Yacht and Marine Corporation, and John Swisher is denied.

DONE and ORDERED.